## VANSELOUS v. McCLELLAN.

No. 6395.    Opinion Filed May 16, 1916.

(157 Pac. 923.)

1.  **LIMITATION OF ACTIONS—Computation of Period—Absence from State.** Where a note was made in Oklahoma by a resident of Kansas and a mortgage on real estate given to secure it, the maker returning to his home in Kansas, and 18 years thereafter the holder of the note and mortgage seeks to foreclose the mortgage, and offers evidence to toll the statute to the effect that the maker had resided in Kansas continuously since making the note, but does not show that said maker had at all times been absent from the State of Oklahoma since the note became due, **held**, that this evidence is not sufficient to toll the statute; for the reason that the statute clearly makes the personal absence of the debtor, and not the place of his residence, the test.

2.  **LIMITATION OF ACTIONS—Bar of Debt as Affecting.** A mortgage given to secure a note must stand or fall with the note. If there is no debt that can be legally collected, the mortgage cannot be enforced.

(Syllabus by Brett, C.)

*Error from District Court, Kay County;*
*William M. Bowles, Judge.*

Action by C. M. McClellan against Thomas Vanselous and others. Judgment for plaintiff against defendant Vanselous, and he brings error. Reversed and remanded, with direction to enter judgment for defendants.

*Herman S. Gurley,* for plaintiff in error.

*C. Robert Bellatti,* for defendant in error.

Opinion by BRETT, C.  This action was commenced in the district court of Kay county December 28, 1913, by the defendant in error, C. M. McClellan, as plaintiff, who will be referred to as plaintiff, to foreclose a mortgage on certain real estate described in the petition situated in the town of Parker, Okla.  The makers of the note and mortgage, a Mr. and Mrs. Butterworth, lived in the State of Kansas, but in 1894 were in Parker, Okla., and executed a note to the plaintiff for $64.56, and gave the mortgage sued upon to secure the same.  They then returned to their home in Kansas, and 18 years thereafter the plaintiff brought this action to recover the amount of his debt, and to foreclose the mortgage, making the plaintiff in error, Vanselous, who will be referred to as defendant, a party defendant.  Vanselous at that time held the record title to the real estate and was in possession.  The defendant answered, pleading, among other things, a general denial and the statutes of limitation.  No service was had upon the Butterworths, the makers of the note and mortgage; but the defendant Vanselous was duly served.  The plaintiff waived personal judgment against the Butterworths, and proceeded *in rem*, against the real estate.

The plaintiff attempted to show that the statute of limitation was tolled by reason of the absence of the makers of the note from the state since the note became due, and tried his case in the court below solely on the theory that the makers of the note had never been in the state since the note became due, and insists upon that theory in this court; and the question as to whether they had been in the state, but so concealed themselves that the plaintiff could not ascertain their presence or obtain serv-

ice upon them, does not enter into the controversy. The plaintiff introduced the deposition of Mrs. Butterworth (Mr. Butterworth having died) to establish th:s fact; but she only testified to the effect that she and her husband had at all times since the execution of the note resided in the State of Kansas, but did not state anywhere in her deposition that they had at all times been absent from the State of Oklahoma since the note became due. The plaintiff was also introduced as a witness, and was asked if "Mr. and Mrs. Butterworth had ever been in Oklahoma since this mortgage was due." To which he replied: "No sir; not that I could find out." This was the sum total of the evidence to prove that the statute had been tolled. The defendant demurred to the evidence. The demurrer was overruled, and judgment rendered for the plaintiff for a foreclosure of the mortgage. The defendant brings the case to this court by petition in error and case-made.

There are several assignments of error, but as we view the case the decisive question is whether or not the evidence is sufficient to prove that the statute was tolled. If it was, then the plaintiff was entitled to recover; if it was not, then the demurrer was well taken and the defendant was entitled to a judgment. Section 4657, Rev. Laws 1910, provides that actions upon any agreement, contract, or promise in writing must be brought within five years after the cause of action shall have accrued. But the plaintiff relies upon the exception set out in section 4660, which provides:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state,

or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

We took this statute from Kansas, and in *Hoggett v. Emerson*, 8 Kan. 262, Justice Brewer construed this statute, and said that to toll the statute it was not sufficient to show that a party is a nonresident, but that he was "out of the state" at the time the cause of action accrued, and remained out of the state during the period that the statute is sought to be tolled, saying:

" 'Plaintiffs further aver that defendant has only been a resident of Kansas three years last past.' This is not enough to take the notes out of the statute. The language of section 21 of our Code is: 'If when a cause of action accrues against a person, he be out of the state, or has absconded, or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed.' 'Be out of the state,' not reside out of the state. The question is not one of domicile, but of personal presence. A party may reside in Illinois, and yet spend more than half of his time in Kansas. An allegation that a party 'has only been a resident of Kansas three years last past' throws no light upon the question of his presence or absence from the state during the years prior thereto."

This we think is the only reasonable and logical construction of this statute. The statute clearly makes the personal absence of the debtor the test, not the place of his residence.

Upon its face this note showed that it was barred by the statutes of limitation. It was more than 18 years

old, and matured 12 months after it was made; and, when the defendant challenged the plaintiff's right to recover upon this instrument, the burden was upon the plaintiff to show that he had come into court with an instrument upon which he was entitled to recover. And the evidence offered, we think, failed to do this; and the mortgage must stand or fall with the note. If there was no debt which could be legally collected, the mortgage could not be enforced.

We therefore think the judgment should be reversed, and the cause remanded, with directions to the trial court to enter judgment for the defendant.

By the Court: It is so ordered.