### SHAW v. DICKINSON.

No. 7309—Opinion Filed Jan. 16, 1917.

Rehearing Denied May 22, 1917.

(164 Pac. 1150.)

**1. Limitation of Actions—What Law Governs—Contract.**

As a general rule, since statutes of limitation affect the remedy only, an action on contract is governed by the statutes of limitation of the forum, and not by the lex loci contractus, nor the lex domicilii.

**2. Same—Note—Bar of Statute—Burden of Proof.**

In an action upon a promissory note, which upon its face shows that it is barred by the statutes of limitation of this state, and to which the defendant had pleaded such statutes as a bar, the burden is upon plaintiff to plead and prove facts relieving such action from the bar of the statutes of limitation.

**3. Same—Residence of Defendant.**

In an action upon a promissory note executed in the state of Ohio, which, upon its face, appears to be barred by the statute of limitation of this state, and to which action defendant pleaded the statute of limitation of Oklahoma as a bar, it is not sufficient for plaintiff to plead and prove that such action has not been barred in the state of Ohio, and that defendant was a resident of the state of Ohio; but it must be made to appear by pleading and proof that the defendant had not been within the state of Oklahoma a sufficient time to bar said action under our statutes of limitation.

(Syllabus by Rummons, C.)

Error from District Court, Tulsa County; M. A. Breckenridge, Judge.

Action by Joseph J. Dickinson against Thos. R. Shaw. From a judgment for plaintiff, defendant brings error. Reversed and remanded, with directions to render judgment for defendant.

Edwin R. Perry and Roy R. Poe, for plaintiff in error.

Randolph, Hayer & Shirk and Elton B. Hunt, for defenda~' in error.

Opinion by RUMMONS, C. This action was commenced in the superior court of Tulsa county on March 23, 1914, by the defendant in error, hereinafter called plaintiff, against the plaintiff in error, hereinafter called defendant, to recover on a promissory note, dated October 2, 1898, due one year after date. Plaintiff alleged that said note was executed and delivered in the state of Ohio, and that at the time of its execution and delivery both plaintiff and defendant were residents of the state of Ohio. Plaintiff further pleads that at said time, and at all times since said date, the statutes of limitation in force in the state of Ohio provided a limitation of 15 years in actions upon contracts or promises in writing. The defendant answered, specifically denying that said note was executed and delivered in the state of Ohio, or that at the time of the execution of said note the plaintiff and defendant were residents of the state of Ohio. Defendant further pleaded the statute of limitation of the state of Oklahoma (section 4657, Rev. Laws 1910), as a bar to said action. At the trial it was admitted that the statutes of limitation in Ohio, for promissory notes, provided a limitation of 15 years.

Plaintiff was the only witness called in his behalf, and identified the note here in controversy, and the same was offered in evidence. Plaintiff's testimony, which was all of the testimony as to the residence of defendant, was as follows:

"Q. Are you acquainted with the defendant Thos. R. Shaw? A. Yes, sir; I am. Q. How long have you known him? A. Twenty-eight years. Q. Where did he live before he came to Oklahoma? A. Lima, Ohio. Q. You know what he did there? A. He was a lawyer, practiced law and dealt in farms and real estate mortgage loans, representing a company I was connected with."

At the conclusion of plaintiff's testimony, the defendant demurred to the evidence, which demurrer was overruled by the court. Defendant excepted to the ruling, and rested without offering evidence. Both plaintiff

and defendant then moved the court for instructed verdicts. The court overruled the motion of the defendant, and sustained the motion of plaintiff, and directed the jury to return a verdict for the plaintiff for the face f the note and interest, which was done. Defendant in due time moved for a new trial, which motion was by the court overruled, and judgment was rendered upon the verdict. The defendant, having excepted to the ruling of the court, brings this proceeding in error to reverse the judgment of the court below.

The first assignment of error presented in the brief of defendant assigns the overruling of his demurrer to the evidence as error.

As a general rule, since statutes of limitation affect the remedy only, an action on a contract is governed by the statutes of limitation of the forum, and not by the lex loci contractus, nor by the lex domicilii. Gaier & Stroh Millinery Co. v. Hilliker, 52 Okla. 74, 152 Pac. 410. This being the case, the question of whether or not plaintiff's cause of action was barred must be determined by the laws of Oklahoma. It seems clear that in this case the petition of the plaintiff shows on its face that his cause of action was barred by our statutes of limitation, and defendant having pleaded such bar, it was incumbent on plaintiff to plead and prove facts sufficient to take his cause of action out of the bar of the statute. Section 4660 of Revised Laws of 1910 provides as follows:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

This court, in the case of Vanselous v. McClellan, 57 Okla. 742, 157 Pac. 923, in applying this provision of our statutes to a state of facts very similar to the facts in the case at bar, says:

"The statute clearly makes the personal absence of the debtor the test, and not the place of his residence. Upon its face this note showed that it was barred by the statute of limitation. It was more than 18 years old, and matured 12 months after it was made; and, when the defendant challenged the plaintiff's right to recover upon this instrument, the burden was upon the plaintiff to show that he had come into court with an instrument upon which he was entitled to recover."

Commissioner Brett, who wrote the opinion of the court, cites the case of Hoggett v. Emerson, 8 Kan. 262, in which case it is said:

"Plaintiffs further aver that defendant has only been a resident of Kansas three years last past. This is not enough to take the notes out of the statute. The language of section 21 of our Code is: 'If when a cause of action accrues against a person, he be out of the state, or has absconded, or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed.' 'Be out of the state,' not reside out of the state. The question is not one of domicile, but a personal presence. A party may reside in Illinois, and yet spend more than half his time in Kansas. An allegation that a party 'has only been a resident of Kansas three years last past' throws no light upon the question of his presence in or absence from the state during the years prior thereto."

The statutes of limitation of Oklahoma began to run against plaintiff's cause of action when the defendant came to Oklahoma, and the cause of action would be barred under our statutes if the defendant had been in Oklahoma for a period of five years before the commencement of the action. Richardson v. Mackey, 4 Okla. 328, 46 Pac. 546; Doughty v. Funk, 15 Okla. 643, 84 Pac. 484, 4 L. R. A. (N. S.) 1029.

The petition of the plaintiff and his evidence only shows that the defendant executed the note in Ohio and resided in Ohio until he came to Oklahoma. Neither the petition nor the evidence of plaintiff was sufficient to show that defendant had not been in Oklahoma more than five years before the commencement of this action; and upon the authority of Vanselous v. McClellan, supra, this was insufficient to establish his cause of action. The trial court therefore erred in overruling the demurrer of the defendant to the evidence.

The judgment of the court below should be reversed, and this cause remanded, with directions to the trial court to render judgment for defendant.

By the Court: It is so ordered.