## GAYER v. PEARCE, Adm'r.

No. 10445—Opinion Filed May 2, 1922.

(Syllabus.)

**1. Appeal and Error — Review—Findings —Conclusiveness.**

A cause of action having been tried to a court without a jury, a general finding by said court in favor of one of the parties will be given, upon appeal, the same weight and effect as the verdict of a jury.

**2. Same — Verdict — Sufficiency of Evidence.**

In a law case, where there is competent evidence or inferences that the jury can justifiably draw therefrom which reasonably support the judgment rendered, this court will not disturb such judgment.

**3. Limitation of Actions — Defense to Note—Residence of Defendant.**

On examination of the record, held, the evidence is sufficient to support the judgment that the note was not barred by the statute of limitations of the state of Kansas nor barred by the statutes of limitations of the state of Oklahoma.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by H. A. Pearce, administrator of estate of H. Pearce, against W. E. Gayer on promissory note. Judgment for plaintiff, and defendant brings error. Affirmed.

A. L. Zinser, for plaintiff in error..

H. F. Brown, for defendant in error.

McNEILL, J. H. A. Pearce, administrator of the estate of H. B. Pearce, deceased, commenced this action in the district court of Garfield county on the 21st day of January, 1918, against W. E. Gayer to recover upon two promissory notes, executed by Gayer to H. B. Pearce, one note was dated April 15, 1911, due on demand, and one dated November 25, 1911, due April 25, 1912, and both were payable at the Farmers' State Bank at Larned, Kan. The petition alleged the notes were executed in Kansas, and defendant continued to be a resident of Kansas for three years immediately subsequent to the date of the execution of the notes, when he removed to Oklahoma, and had been a resident in Oklahoma since said time. Defendant filed a demurrer to the petition, which was overruled, and then filed an answer, alleging that the defendant had been a resident of the state of Oklahoma for more than five years prior to the commencement of the action and the notes were barred by the statute of limitations. Thereafter defendant filed an amended answer, which consisted of a general denial and alleged the cause of action on the notes accrued more than five years prior to the commencement of said action and same was barred by the statute of limitations.

A jury was waived and the case was tried to the court. The court rendered judgment in favor of the plaintiff and against the defendant. From said judgment the defendant has appealed. The only question presented on appeal goes to the sufficiency of the evidence to support the judgment. This court in a long line of decisions has announced the following principles of law that must govern:

First: "A cause of action having been tried to a court without a jury, a general finding by said court in favor of one of the parties will be given, upon appeal, the same weight and effect as the verdict of a jury." Sims v. Ward, 78 Okla. 72, 188 Pac. 884.

Second: "In a law case, where there is competent evidence or inferences that the jury can justifiably draw therefrom which reasonably support the judgment rendered, this court will not disturb such judgment." Baker - Hanna - Blake Co. v. Paynter-McVicker Gro. Co., 73 Oklahoma, 174 Pac. 265.

With these principles in mind, we will examine the evidence to ascertain if there is any evidence reasonably supporting the judgment. The plaintiff introduced evidence to the effect the plaintiff in error had lived in and around Larned, Kan., and was personally present at that place at least most of the time from the time after executing the note until July or August, 1913. That during said time he worked in the abstract business at that place. That about July or August, 1913, he left Larned, Kan., and went to Wichita, Kan., and engaged in the automobile business at that place, and was personally present at that place at least a part of the time. That he left Wichita, Kan., about the latter part of October or the first part of November, 1914, and went to Tulsa. Thereafter parties received letters from defendant at Tulsa, Okla. The evidence tended to prove defendant stayed in and around Tulsa, was an officer of an oil company, which had its place of business at Tulsa, and he could be found by calling the office of the oil company. That about August, 1915, he organized an oil company with headquarters at Enid, Okla. He had been staying in and around Enid, Okla., since said time. Parties testified to meeting defendant in Tulsa and other places in Oklahoma after the year 1914, and he was supposed to be residing in

Tulsa. The defendant, to controvert this evidence, did not take the witness stand, but produced a witness who was engaged in the oil business with him. The witness testified he had known defendant for four or five years; met him in Tulsa, and defendant was in the lease business there; knew he stayed around the office of an oil company some, and he knew he had interests in Kansas and occasionally went to Kansas. He traveled through Oklahoma, Kansas, and Texas.

We think this evidence and the natural inference to be drawn therefrom support the following finding of fact: First, that prior to November, 1914, the defendant was personally present in the state of Kansas. Second, that after the month of November, 1914, the defendant resided and was personally present at least most of the time in the state of Oklahoma.

Plaintiff in error, however, contends the evidence is insufficient to support the judgment by applying the law as announced in the cases of Vanselous v. McClellan, 57 Okla. 742, 157 Pac. 923, and Shaw v. Dickinson, 65 Okla. 186, 164 Pac.1150. In the case of Shaw v. Dickinson, supra, the court said, in substance, in an action on a promissory note executed in Ohio, which upon its face appears to be barred by the statute of limitations of Oklahoma, it was not sufficient for plaintiff to plead and prove that said action had not been barred in the state of Ohio and that the defendant was a resident of the state of Ohio, but it must be made by pleading and proof that the defendant had not been in the state of Oklahoma a sufficient length of time to bar the action under our statute of limitations.

We think the evidence is sufficient to support the judgment by applying the principles announced in the above cases, for the reason the evidence disclosed the defendant was not present in the state of Kansas long enough for the notes to be barred by the statutes of that state. Second, the evidence disclosed that he had not been in Oklahoma prior to November, 1914, or at least that is the inference to be drawn from the evidence, so he had not been personally present in this state long enough or for a sufficient time for the notes to be barred by the statute of Oklahoma, if he had been here every day since said time. It is true the evidence does not disclose defendant was personally present every day during the time he lived in Kansas, or present in Oklahoma during every day of the time he was supposed to live in Okla-

homa. There is no evidence that he was ever in Oklahoma prior to October or November, 1914, but the evidence is sufficient to support the finding that prior to that time he was in Kansas. There is no evidence to disclose he had been in Oklanoma for five years prior to filing the petition.

In regard to whether the case was barred by the statute of limitations of Kansas we think the evidence likewise sufficient to support the judgment of the court that the same was not. The evidence shows that the defendant was personally present in Oklahoma on numerous occasions after November, 1914; that he had his place of residence here, that he lived and was personally present here in various parts of the state.

For the reasons stated, the judgment is affirmed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.