## JONES et al. v. HUGHES.

No. 12724—Opinion Filed Jan. 29, 1924.

### Trial — Instructions—Issues—Duty of Court —Prejudicial Error.

Upon a trial to a jury in a law case it is the duty of the court to submit by proper instructions every issue of fact raised by the pleadings, as to which evidence has been introduced, and where an issue so presented is entirely ignored by the court in its instructions, and the jury is expressly limited by the instructions to another and different issue, such failure of the court to instruct on every issue is error. Such error becomes prejudicial where the court's attention is called thereto by requests for instructions and such requested instructions are refused without otherwise incorporating their substance in the instructions given.

(Syllabus by Logsdon, C.)

Commissioners' Opinion Division No. 1.

Error from District Court, Major County; James B. Cullison, Judge.

Action by J. J. Hughes against A. F. Jones and C. B. Jones, upon an open account. Judgment for plaintiff, and defendants bring error. Reversed.

This action was commenced July 26, 1920, by J. J. Hughes to recover of the defendants a balance of $100.90 alleged to be due upon an open account. Plaintiff alleged, in substance, that he was the owner and operator of the Ames Mill & Elevator in the town of Ames, Okla., and that he sold and delivered to the defendants certain goods, wares, and merchandise amounting to the sum of $119.25, on which there had been paid the sum of $18.35, leaving a balance of $100.90, for which he prayed judgment. Attached to plaintiff's petition was a statement of the account as follows:

"A. F. Jones and C. B. Jones, in account with Ames Mill and Elevator.

| | |
|---|---|
| "Jan. 25, 1915 1,060 lbs. Coal @ 37½c ---------------------------$ | 8.97 |
| "April 6, 1915 15 bu. 40 lbs. Corn @ 85c --------------------------- | 13.35 |
| "April 8, 1915 5 Sks. Chop @ $1.55 | 7.75 |
| "April 8, 1915 30 bu. 30 lbs. Oats @ 65c --------------------------- | 19.70 |

"June 23, 1915 840 lbs. Coal @
37¼c _____ 2.63

"July 7, 1915 2,170 lbs. Coal @
31¼c _____ 7.27

"July 23, 1915 2,460 lbs. Coal @
31¼c _____ 7.68

"Aug. 9, 1915 110 bu. Oats @ 47c___ 51.70

"Nov. 2, 1915 1,600 lbs. Coal @
32½c _____ 5.20

"Total_____$ 119.25

"Aug. 8, 1917 Cr. by 10 bu. Wheat
@ $1.83 _____ 18.35

Balance due_____$ 100.90."

Defendants answered separately by general denial, and each of them specially pleaded payment, and further specially pleaded that plaintiff's account was barred by the statute of limitation.

By his reply plaintiff took issue upon these special defenses in the separate answers of the defendants.

Trial was had April 18, 1921, and resulted in a verdict and judgment in favor of the plaintiff for the amount claimed. After unsuccessful motion for new trial, defendants have brought the case here by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

Tom E. Willis, for plaintiffs in error.

A. R. Hughes and Horton & Horton, for defendant in error.

Opinion by LOGSDON, C. Preliminary to a discussion of the errors assigned in the petition in error, it is necessary to dispose of a motion filed herein by plaintiff to dismiss this appeal for the reason that defendants failed to assign as error in their petition in error the overruling of their motion for new trial. By chapter 34, Sess. Laws 1923, it is provided that such assignment of error shall be no longer required in this jurisdiction, and that in any case pending at the time of the passage and approval of the act, as well as in all cases thereafter filed in this court, it shall be sufficient for the review of all errors occurring upon the trial of the case for the plaintiff to allege such errors in his petition in error without assigning the overruling of the motion for new trial as error. The power and authority of the Legislature to pass such a law is not raised by the motion to dismiss, and that question will not be considered here. The motion to dismiss should be overruled.

The principal assignment of error and the one which is deemed to be decisive of this appeal presents error of the court in its instructions to the jury. By the separate answers of the defendants, and by the reply of the plaintiff thereto, the question of whether the account sued on was barred by the statute of limitation of this state was put squarely in issue.

The account sued on in this action shows upon its face that it was barred at the time this action was commenced unless the running of the statute was tolled by the credit shown thereon of $18.35 under date August 8, 1917. The testimony of plaintiff and defendants upon the issue thus presented was sharply in conflict. Plaintiff claimed that the credit was properly placed upon said account at the date shown thereon, while the testimony of defendants tended to show that the wheat transaction between the parties, out of which plaintiff claimed this credit arose, occurred in 1916 instead of 1917. The testimony upon this issue is so conflicting that if the jury had found in favor of the defendants thereon it could not be said that the verdict was without reasonable support in the testimony. This being the condition of the record, defendants were entitled to have this issue submitted to the jury under proper instructions. The trial court, in stating the issues as raised by the pleadings to the jury, after giving the substance of plaintiff's petition, said to the jury with reference to the answers of the defendants as follows:

"To which amended petition the defendants, A. F. Jones and C. B. Jones, have filed their answers in which they denied any liability to the plaintiff in any sum whatever, claiming that the account sued upon has been paid by them in full, and for that reason they are not liable to the plaintiff in any sum whatever."

Defendants duly excepted to this statement of the issues by the court, and the exceptions were allowed. By paragraph 2 the jury was instructed as follows:

"Gentlemen of the jury, the court instructs you that there is but one question for you to determine in this case, viz., Has the account sued upon been paid? And in this connection the court instructs you that if you find from a preponderance of the evidence in this case that at the time the defendant, A. F. Jones, paid his overdraft to the plaintiff that at the same time he paid the account sued upon, to wit: the mill and elevator account, then and under these circumstances, it will be your duty to find for the defendants. Upon the other hand, if you find by a preponderance of the evidence that said elevator account was not paid at the time the defendant paid his overdraft that then and under the facts and circumstances in this case it will be your duty to find for the plaintiff."

To the giving of this instruction the defendants also accepted and the exceptions were allowed. In this connection defendants requested and the court refused an instruction stating the issues raised by the pleadings which, after stating the substance of plaintiff's allegations, was as follows:

"To which the defendants, A. F. Jones and C. B. Jones, have each filed their separate answer in which they denied any liability to the plaintiff in any sum whatsoever, claiming that the account sued on has been by them paid in full; that if the sum alleged to be due the plaintiff stands charged on the books of plaintiff, as in his petition alleged, that the last item in said account alleged was more than three years old at the time of filing his said petition, and the institution of this action, and was at the time of instituting said action barred under the statutes of the state of Oklahoma, and that plaintiff is precluded from recovering in this suit against the defendants thereby, and said defendants and each of them plead the statute of limitations."

This requested instruction was refused by the court and exceptions allowed. Defendants also requested the following instruction, which was refused by the court and exceptions allowed:

"Gentlemen of the jury, the court instructs you that if you find from the evidence that neither of the defendants made the payment claimed to have been made on the 8th day of August, 1917, and claimed to have been credited on the account in the sum of $13.35, then and in that event the action was barred at the time it was instituted and the plaintiff cannot recover, and it will be your duty to find for the defendants."

Nowhere in the instructions of the court was the issue upon the statute of limitation submitted to the jury, but the jury was limited expressly by the court's instructions to the issue of payment.

Each party to the controversy is entitled to have his theory of the case presented to the jury by proper instructions, provided the same has been properly pleaded, and he has introduced evidence tending to support such theory. Menten v. Richards, 54 Okla. 418, 153 Pac. 1177; Mt. Castle v. Miller, 66 Okla. 40, 166 Pac. 1057; Holmboe v. Neale, 69 Okla. 183, 171 Pac. 334; Cline. v. Muhlhausen, 83 Okla. 21, 200 Pac. 436.

Where the defense of the statute of limitation is pleaded in an action upon an account, and there is evidence tending to support such defense, the issue of fact thus raised is one for the determination of the jury. Higgins v. Butler, 10 Okla. 345, 62 Pac. 810; Shaw v. Dickinson, 65 Okla. 186, 164 Pac. 1150.

Because of the error of the trial court in refusing to submit to the jury in this case the defense of limitation after its attention had been expressly called thereto by specific request for instructions, this cause should be reversed and remanded, with directions to grant defendants a new trial.

By the Court: It is so ordered.