## VAN ANTWERP v. DENT-TURNER CO.

No. 16527—Opinion Filed April 6, 1926.

### Appeal and Error—Review—Sufficiency of Evidence in Law Action Tried to Court.

Where an action at law is tried to the court without the intervention of a jury, the judgment of the court will be given the same weight, force, and effect as a verdict of a jury, and if there is competent evidence reasonably tending to sustain the judgment, it will not be disturbed by the Supreme Court on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from Court of Common Pleas, Tulsa County; Gerald F. O'Brien, Judge.

Action by the Dent-Turner Company against L. N. VanAntwerp. Judgment for plaintiff, and defendant appeals. Affirmed.

W. O. Craig, for plaintiff in error.

Davidson & Williams, for defendant in error.

Opinion by RUTH, C. The parties will be designated as they appeared in the trial court.

Plaintiff alleges defendant listed a certain house in Tulsa known as No. 1302 South Florence street, with the plaintiff, licensed real estate dealer in Tulsa. The house was priced at $6,000, and defendant agreed to pay the customary commission or brokerage charge, which was 5 per centum on the first $5,000, and 2 1-2 per centum on all above that amount. That plaintiff was the procuring cause of the sale of the house to A. Clark, and plaintiff prays judgment in the sum of $275, with interest from May 6, 1924.

The answer was a general denial. The cause was tried to the court, and judgment rendered for plaintiff, and defendant appeals, and assigns seven specifications and argues them under one proposition, to wit: "Were the plaintiffs the procuring cause of said sale?" It was not controverted that defendant listed the property with plaintiff, that the selling price was $6,000, and that plaintiff was to receive the usual commission if it procured a purchaser.

E. W. Turner, of the plaintiff company, testified he had known A. Clark a short time, and Clark was in the market for a house; that he showed Clark between 50 and 60 houses, and showed him this particular house and one across the street from it; that he made arrangements with Clark, after talking to him on two or more occasions, to meet witness at this house one Sunday afternoon; that witness went to the house according to arrangements, but Clark and his wife did not appear. Witness sat on defendant's porch with defendant for from one to 1½ hours; told defendant he was waiting for a Mr. Clark, whom he had interested in the property. Clark failing to appear, witness left. Two days later defendant sold this property to Clark.

Defendant admits Turner talked to him on the porch on Sunday, and told him about Clark as a prospective purchaser. Defendant had talked to Clark and his wife prior to this time, and told them he thought he had the house sold, and the option expired on Saturday (the day prior to the Sunday conversation), and the Clarks asked defendant on Friday to hold the house for them if the other party did not take it, and it im-presses the court as very singular that when Turner mentioned the Clarks as prospective purchasers, defendant did not advise Turner that he already had the house sold to the Clarks, and if we were permitted to indulge in surmise and conjecture, we might find a reason for the Clarks' nonappearance on Sunday afternoon, they already having made a deal with the owner, which deal was closed two days later, or May 6, 1924.

The Clarks testify that while Dent-Turner Company, by Mr. Turner, showed them a number of houses, he did not show them this particular house, although he showed them a house right across the street from it, and while it is possible, it is unusual that a real estate broker would show a prospective customer a property on one side of the street, and fail to show him a listed property directly across the street, where a $275 commission was awaiting the broker.

The deal was closed on Tuesday, May 6, 1924, and on May 7, 1924, defendant had the Clarks make affidavit that no real estate dealer had been the procuring cause of the sale to them. Whether this affidavit was obtained by defendant in anticipation of a claim for commissions by plaintiff, who had waited so long the Sunday prior thereto for the Clarks, does not appear from the record, nevertheless, when plaintiffs learned that defendant had closed the deal with the Clarks, they filed their claim, and we think, after viewing the evidence from all angles, there was competent evidence reasonably tending to support the judgment, and where a law action is tried to the court without the intervention of a jury, and there is competent evidence reasonably tending to sustain the judgment, the same will not be disturbed on appeal. Gayer v. Pearce, 86 Okla. 102, 206 Pac. 822; Gaines Brothers & Co. v. Citizens Bank of Henryetta, 84 Okla. 265, 204 Pac. 112.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 876, 879 § 2853; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.