Note.—See under (1) 4 C. J. pp. 799, 800, §2757; 31 Cyc. p. 399. (2) 13 C. J. p. 784, §996; p. 786, §997; 6 R. C. L. p. 862; 2 R. C. L. Supp. p. 234; 4 R. C. L. Supp. p. 448; 5 R. C. L. Supp. p. 374. (3) 4 C. J. p. 884, §2855. 2 R. C. L. p. 194; 1 R. C. L. Supp. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. 80; 6 R. C. L. Supp. p. 73.

---

**RICE v. BURGESS et al.**

No. 17102—Opinion Filed Nov. 16, 1926.

Rehearing Denied April 5, 1927.

1. **Limitation of Actions—Conflict of Law —Cause of Action Between Nonresidents and Arising in Another State.**

A cause of action arose in the state of Texas in favor of R. against B., nonresident of Oklahoma, on a promissory note secured by a lien on real estate in Oklahoma. The limitation of such cause of action in Texas is four years and in Oklahoma five years. More than four years, but less than five years, after the cause of action arose in Texas, R. sued B. for judgment on the note and to establish same as a lien on the real estate in the proper court in Oklahoma, and

for sale as on foreclosure to satisfy the indebtedness, B. pleading and proving such four years limitation of Texas. Section 189, C. O. S. 1921, provides that an action cannot be maintained in this state on a cause of action arising in another state between nonresidents of this state where the action is barred by the laws of the state where the cause of action arose. Held, said section 189 gives effect to the four-year limitation of the state of Texas and barred R. from his remedy against B., since his cause of action in Texas was barred by the limitation of tnat state and since, in this state, a lien is extinguished when no cause of action can be brought upon the principal obligation.

**2. Same—Bar of Statute—Burden of Proof.**

Under the foregoing rule, in an action upon such promissory note and to foreclose a lien securing same, the note showing upon its face that it is barred by the limitation of another state, pleaded and proved by defendant, although not barred by the limitation of this state, the burden is upon plaintiff to plead and prove facts relieving his action from the bar of limitation of such other state.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by William H. Rice against F. M. Burgess et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

C. F. Chapman, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Rice sued Burgess and wife and one Kleck, if living, and if dead, his unknown heirs. alleging that on September 3, 1912, he sold to Kleck and conveyed by warranty deed, a certain parcel of realty in the city of Sapulpa, Okla. The deed recited that:

"I, William H. Rice, of the county of Archer, state of Texas, for and in consideration of the sum of $2,600, to me in hand paid, by George W. Kleck. receipt of which is hereby acknowledged. and one note for $200 due and payable to the order of William H. Rice at Dundee, Tex., on or before September 1, 1917, and bearing interest at the rate of eight per cent. per annum, payable annually, have granted, sold, and conveyed * * * unto the said George W. Kleck, of the county of Archer, state of Texas," describing the real estate.

The note for $200 of the same date comported with the description thereof found in the deed, and recited that both principal and interest were payable at Dundee, Tex.; that same was given for part payment of the real estate in Sapulpa thus conveyed; that a vendor's lien was retained in the deed "as further security for the payment thereof"; that on failure to pay the note, "the vendor's lien. or the deed of trust lien herein mentioned, either or both, shall become subject to foreclosure proceedings. as the holder may elect." Plaintiff commenced this action on August 24, 1922, in the district court of Creek county, the situs of the land, alleging total failure to pay the note, and prayed for judgment for the amount due, and that same be declared a first lien on such real estate, and for sale as on foreclosure to satisfy the indebtedness. Eda Holpert, now Dickey, appeared, answering that Kleck died intestate. that no personal representative had been appointed, that she was his sole and only heir, and pleaded general denial. The Burgesses answered that they were occupants of the real estate and innocent purchasers for value thereof; that at the time plaintiff, Rice, executed said deed to said Kleck, and Kleck executed said note to said Rice, both parties were nonresidents of the state of Oklahoma, and were residents both of the state of Texas, and that they were both residents of the state of Texas at the time the cause of action pleaded by plaintiff arose, and that the cause of action, if any, arose in the state of Texas; that the statute of Texas provided that any action for the recovery of money upon a note, or written instrument. must be brought within four years from the time the cause of action arose, or could be maintained, and not afterwards; that since the note sued upon matured September 1, 1917, and the instant action thereon was not filed until August 24, 1922, being more than four years, and nearly five years, after maturity of the note, no action could have been maintained in the state of Texas by the plaintiff, Rice, against defendant, Kleck, and that therefore the instant action in the state of Oklahoma was barred, notwithstanding the limitation of five years in this state on such instruments. Other defenses were pleaded, which we deem unnecessary to recite. At the trial it was admitted that the statute of Texas and the deed and note were as pleaded and the indebtedness unpaid. On trial to the court without a jury, judgment was for defendants, from which plaintiff duly appeals.

1. Section 189, C. O. S. 1921, is:

"Foreign Limitation Laws: Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose, an action cannot be maintained thereon, no action

can be maintained thereon in this state," etc.

Under the facts, supra, the cause of action based on the indebtedness arose in Texas, and the parties were nonresidents of this state. As a general rule, since the statutes of limitation affect the remedy only, an action on contract is governed by the statutes of limitation of the forum, and not by the lex loci contractus, nor the lex domicilii. Shaw v. Dickinson, 65 Okla. 186, 164 Pac. 1150. Notwithstanding said rule, section 189, supra, gives effect to the four-year limitation of Texas. Crooker v. Pearson (Kan.) 21 Pac. 270; 37 C. J. 734. Thereby plaintiff was denied his remedy—access to the courts of this state upon the note sued upon. Thereby, since an action upon the note was barred in Texas, it was also barred in this state. Plaintiff prayed for judgment upon this note. Indeed, judgment upon the note would be a necessary predicate in foreclosing the lien upon the real estate. Moreover. section 7424, Id., provides that a lien is extinguished by the mere lapse of time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation. In Vanselous v. McClelland, 57 Okla. 742. 157 Pac. 923, it is held that the mortgage given to secure a note must stand or fall with the note, and if there is no debt that can be legally collected, the mortgage cannot be foreclosed. It is apparent that the lien retained in the deed and note in controversy, sought to be enforced herein, is, as concerns the question before us, in effect, a mortgage.

2. Defendants introduced the deposition of Mrs. Dickey, one of the defendants, at the taking of which plaintiff was not present. This witness at that time resided at Ft. Smith, Ark. She testified that Mr. Kleck was dead on or before August 1, 1922, and that he had been living with her. Plaintiff showed that the statutes of Texas provide that limitation in that state ceases to run against a cause of action against a decedent for 12 months after the death of the decedent, or until a personal representative is appointed, and that the time of absence from the state of a person against whom a cause of action exists, shall not be counted upon the issue of limitations. Plaintiff thereupon contends that the presumption was that Kleck was not a resident of Texas when he died, and had been absent from the state sufficient time to prevent the Texas statute from running,. and that the burden was upon defendant to show that the cause of action herein had not come within these exceptions. The note sued upon showed upon its face

that it was more than four years past due. The burden was not upon the defendants to prove exceptions to the statute—that Kleck was not absent from the state. Plaintiff in his reply specifically pleaded this, and the burden was upon him to prove that the four-year statute had been tolled. In Shaw v. Dickinson, supra, it is held that, in an action upon a promissory note, which shows upon its face that it is barred by the statute of limitations of this state, and to which the defendant has pleaded such statute as a bar, the burden is upon plaintiff to plead and prove facts relieving such cause from the bar of the statute. Likewise here, since defendants pleaded and proved the four-year statute of limitation of Texas, made effective so as aforesaid by said section 189. supra, under which the note sued upon was barred on its face, the burden devolved upon plaintiff to show any tolling of that statute. The evidence is not sufficient in this behalf.

It is unnecessary to discuss the other assignments of error, since the judgment based on the bar of limitation is correct. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 701, §20; p. 734, §52; 17 R. C. L. p. 953 et seq. (2) 37 C. J. p. 1224. §770.