## TIBBETS & PLEASANT, Inc., v. BENEDICT et al.

No. 17460.    Opinion Filed Nov. 29, 1927.

(Syllabus.)

**1. Appeal and Error—Review—Discretion of Trial Court in Granting New Trial.**

Where the trial court grants a new trial, it will not be reversed unless it can be seen that the court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. Nale v. Herstein, 94 Okla. 263, 222 Pac. 248.

**2. Trial—Right of Each Party to Have His Theory of Case Presented to Jury by Proper Instructions.**

Each party to a controversy is entitled to have his theory of the case presented to the jury by proper instruction, provided the same has been properly pleaded, and he has introduced evidence tending to support such theory. Kimmell v. Goehler, 99 Okla. 273, 226 Pac. 576.

**3. New Trial—New Trial Properly Granted for Failure to Properly Instruct Jury on Plaintiffs' Theory of Case.**

Record examined; held, that the trial court did not commit error in granting a new trial.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Omer K. Benedict and Mae W. Benedict against the City of Tulsa and Tibbets & Pleasant, Inc., for damages arising from use of explosives. The City of Tulsa was discharged of liability. From the judg-

ment of the court granting plaintiffs a new trial, defendant Tibbets & Pleasant, Inc., appeals. Affirmed.

Allen, Underwood & Smith, for plaintiff in error.

Linn & Spradling and Thos. D. Lyons, for defendants in error.

LEACH, C. Omer K. Benedict and Mae W. Benedict, husband and wife, sued the city of Tulsa and Tibbets & Pleasant, Inc., contractors, to recover damages to their dwelling house and other improvements on their premises located in Ridgewood addition to the city of Tulsa, and alleged such damage to have been caused and suffered by the acts of the defendants in excavating for a city sewer in close proximity to plaintiffs' premises, by blasting with and the use of explosives.

The court directed a verdict in favor of the city upon the grounds that plaintiffs had not given notice of the occurrence of the damage as required by the city charter, and submitted the cause as against the contractors, Tibbets & Pleasant, Inc., under general instructions. A verdict was rendered in favor of both defendants, and motion for new trial was filed and presented by plaintiffs, which motion was granted by the court as against the defendant Tibbets & Pleasant, Inc., from which action and judgment of the court in granting a new trial the defendant Tibbets & Pleasant, Inc., appeals, and brings the cause here for review.

The parties will be referred to as they appeared in the trial court.

The plaintiffs set up what is termed a first and second cause of action in their petition. In the first cause, paragraph 6 after referring to the digging and excavating of the sewer by the use of explosives, it is alleged and charged in part as follows:

"* * * That in so doing, the said defendants trespassed upon, under and over and broke into and upon plaintiffs' real estate and the improvements thereon as herein described with force and violence by means of said explosives of great power and frequency and in close proximity to the plaintiff's real estate and improvements thereon, and that the defendants then and thereby caused and produced, violent concussions and vibration of the earth and air, and the force of said explosions were transmitted through the soil and substratum of the earth, thereby jarring, cracking and breaking the foundation of said two-story frame dwelling house," etc.

In the second alleged cause of action,

plaintiffs adopted substantially the allegations contained in the first cause of action, but averred that the defendants were careless and negligent in placing and discharging overcharges of explosives in the construction of said sewer, thereby causing the damage.

The court, in its statement of the issues and in submitting the issues to the jury, limited plaintiffs' right of recovery to plaintiffs' second cause of action, and in substance directed that unless the jury found defendant was negligent in its use of the explosives the plaintiffs could not recover.

The plaintiffs submitted and requested an instruction, No. 1, directing the jury, in substance, without any reference therein to negligence, that if the jury found plaintiffs' property had been damaged, and that such damage and injury arose from and was the direct and proximate result of the blasting, the plaintiffs would be entitled to recover, which instruction was refused. The trial court in setting aside the verdict and its judgment thereon did so upon the grounds that the court erred in its statement of the issues of the case to the jury, in limiting plaintiffs' rights of recovery to their second cause of action only, and that the court erred in refusing to give to the jury plaintiffs' requested instruction No. 1.

It is contended by the defendant Tibbets & Pleasant, Inc., plaintiff in error, that plaintiffs' petition in their first cause of action alleged only a direct trespass as against their property, such as the casting of a stone, or other substance, upon plaintiffs' premises, and says that since there was no evidence to support such allegation and theory, the court correctly limited plaintiffs' right of recovery to the question of establishing negligence on the part of the defendant; asserts that where no physical or direct trespass is shown, no recovery can be had for damages arising from the use of explosives, as in the instant case, unless negligence is alleged and established.

It appears that plaintiffs, in what is termed their first cause of action, do not attempt to charge or seek a recovery upon the theory of a direct physical trespass upon their property, and their proof apparently was not submitted with the purpose of establishing any direct trespass.

The decisions of other state courts appear to be in conflict upon the question raised here; that is, as to the liability of one who by blasting with explosives produces severe concussions and vibrations of the

earth and air, and so materially damages property belonging to others, irrespective of negligence on the part of the party using such explosives. However, we consider that the matter and issue here involved has been settled by this court adversely to the contentions of the plaintiff in error. We refer to the decision of this court in the case of City of Muskogee v. Hancock, 58 Okla. 1, 158 Pac. 622, that being an action largely similar to the one here, in which action the city appealed from the action of the trial court, and alleged error of the court in that the court refused to instruct the jury that, unless they found by a preponderance of the testimony that the blasting was done in a negligent or careless manner, excessive quantities of powder were used, etc., then the verdict should be for the defendant. In the opinion it was held that damages might be recovered without regard to the degree of care employed in discharging the blast. Numerous decisions and holdings of other courts are therein set out; and in conclusion the court said:

"Whatever may be the reason in other jurisdictions for denying a recovery, unless there has been a physical invasion of the property damaged, they can have no place under a Constitution guaranteeing to property owners the right to a just compensation for private property damaged for public use."

It is urged by the defendant, plaintiff in error here, that the reasoning and rule in the case of City of Muskogee v. Hancock, supra, are not applicable to the case at bar, for the reason that the excavation in that case was in an open ditch in very close proximity to plaintiffs' property, and that since the city of Tulsa, in the case at bar, had been absolved from liability, the same would not apply to the contractors as private parties. We observe no material difference in the Muskogee case and this one, except possibly damage would more likely arise in one than in the other. Merely because an instructed verdict was given for the city for failure to give the notice as required under its charter did not take the case out of the rule in the City of Muskogee v. Hancock Case, supra.

Section 23, art. 2, of the Constitution provides that private property shall not be taken or damaged for private use without compensation, and reference to section 24 art. 2, of the Constitution in the Muskogee-Hancock Case, supra, was made, in our opinion, for the purpose of showing that a different rule did not apply to the taking or damaging of private property for public use.

Each party to a controversy is entitled to have his theory of the case presented to the jury by proper instruction, provided the same has been properly pleaded, and he has introduced evidence tending to support such theory. Kimmell v. Goehler, 99 Okla. 273, 226 Pac. 576. See, also, Jones v. Hughes, 97 Okla. 126, 223 Pac. 135; Mills v. Hollinshed, 82 Okla. 250, 200 Pac. 200; Smith v. Maher, 84 Okla. 49, 202 Pac. 321.

For the reasons stated, we conclude the court did not commit error in granting a new trial, and the order and judgment of the trial court is affirmed.

BENNETT, TEEHEE, FOSTER, and REID, Commissioners, concur.

By the Court: It is so ordered.