### JOHNSON v. HARRIS et al.

No. 20719. Oct. 17, 1933.

Shirk, Danner & Phelps, for plaintiff in error.

Abernathy & Howell, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county by the defendant in that court against whom the judgment was rendered.

The parties to the action were not able to agree as to all of the facts. However, there are some facts concerning which there was no disagreement. On the 19th day of June, 1928, the plaintiffs and the defendant entered into a written agreement, as follows:

"Sales Order
"Johnson Polhemus Motor Co.
"Oklahoma City

"Please enter my order for one Peerless 69 Sedan Automobile as listed in current catalog with exceptions as noted below.

"To be delivered on or about as soon as possible

"Delivered Price _____ $3145.00
"Additional Equipment
   "Complete equipment
"Total Cost _____ $3145.00
"Allowance for
"Model 66 Year 1923 _____   945.00
"Balance _____  2200.00
"Less cash to be pd. on delivery_   550.00
"Balance note _____    1650.00
   "8% monthly
   "10 Equal/payments."

On the reverse side of which was the following:

"It is thoroughly understood that no verbal understandings or agreements shall affect this order.

"This order is taken subject to published list prices prevailing at this date. In the event of an increase in prices delivery is to be made at prevailing list prices at time of delivery or deposit is to be returned.

"It is hereby agreed that the used car taken in part payment is free and clear from all incumbrances.

"This Order Not Valid Unless Signed by Manager. '

"Color Ohio Blue
"6 Wire Wheels
"Prefer Mohawk Tires
"Date 6/19/1928
"Phone _____
"Name Sam Harris      .
"Address _____
"Approved J. M. Johnson, Dealer
"By _____
         Title
"Salesman _____."

The plaintiffs delivered to the defendant the model 66 year 1923 automobile. Thereafter the defendant delivered to the plaintiffs a Peerless 69 sedan automobile, which the plaintiffs shortly returned to the defendant. The reason for their return of the car was one of the facts in dispute. They contend that they purchased a 1929 model and that the car delivered to them was a 1928 model. They make three principal contentions: First, that they were defrauded into entering into the written agreement by the false statement of the defendant that the order blank provided for the purchase of a 1929 model; second, that no contract was ever entered into by reason of a failure of the minds of the contracting parties to meet, and third, that the written contract is ambiguous and should be construed under the rules applicable to ambiguous contracts.

The execution of a written contract supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution thereof. Section 9456, O. S. 1931; Kinnard-Haines Co. v. Dillingham, 73 Okla. 129, 175 P. 208. That rule is subject to an exception where there is accident, fraud, or mistake of fact. McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 P. 524; Western Silo Co. v. Pruitt, 94 Okla. 154, 221 P. 106; Green-Beekman Const. Co. v. McClintic-Marshall Co., 134 Okla. 60, 272 P. 420. It is also subject to an exception where the contract is ambiguous. Section 9473, O. S. 1931; United States Fidelity & Guaranty Co. v. Town of Comanche, 114 Okla. 237, 246 P. 238.

The contentions of the plaintiffs were denied by the defendant, and there were three principal issues for determination of the trial court, to wit, fraud, mistake, and ambiguity.

It is well settled that a party to an action is entitled to have his theory of the case presented to the jury, where it has been properly pleaded and where there is evidence tending to support it. Kimmell v. Goehler, 99 Okla. 273, 226 P. 576; Tibbets & Pleasant, Inc., v. Benedict, 128 Okla. 106, 261 P. 551.

The defendant contends that there was error in the instructions to the jury in that the trial court refused to give instructions offered by him and failed to give other instructions in lieu thereof. We think that contention is the only one necessary for determination in this case. We do not consider it necessary to enter into an extended discussion of automobile trade practices pertaining to the manufacture of cars in the summer of 1928 and the designation thereof as 1929 models. The mere representation as to the contents of the written instrument is not alone sufficient to set aside the instrument on the ground of fraud. McNinch v. Northwest Thresher Co., supra; Ely Walker Dry Goods Co. v. Smith, 69 Okla. 261, 160 P. 898. The defendant asked to have that theory of the law submitted to the jury, and the trial court failed to submit it. There was reversible error therein.

For that reason the judgment of the trial court is reversed, and the cause is remanded to that court for a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.