[No. 18246. Department One.—October 2, 1894.]

W. S. CHAPMAN ET AL., APPELLANTS, *v.* THOMAS E. HUGHES, RESPONDENT.

PARTNERSHIP—AGREEMENT FOR SALE OF LANDS.—An agreement between three persons, associating them into a syndicate for the purpose of carrying on together the business of selling certain lands and dividing the profits of the business between them, and which contemplates united action in advertising and otherwise in promoting sales, and a joint expense to be incurred thereby, and which expressly provides for the payment to the syndicate of commissions on sales of other lands than those put into the syndicate, creates the relation of partnership between them, whether they knew that they were partners or not.

ID.—TITLE RESERVED BY INDIVIDUAL PARTNERS.—The respective parcels of land embraced in the syndicate, and which were contributed by the

respective partners, thereby became subject to the partnership agreement, notwithstanding it was provided that each partner should retain his title. In such case the legal title was held by each in trust for the partnership use.

ID.—DISSOLUTION OF PARTNERSHIP.—Subsequent agreements between the partners which operated to vest in one of them the whole beneficial ownership of the land contributed by the others to the partnership, and which provided for the distribution of the proceeds in a manner different from and inconsistent with that provided by the syndicate agreement, created a dissolution of the partnership, and remitted the parties to their rights under the subsequent agreements.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Maxwell, Dorsey & Soto,* for Appellants.

*L. L. Cory,* and *W. S. Goodfellow,* for Respondent.

VAN FLEET, J.—This is an action for an accounting with reference to certain real estate transactions in which plaintiffs claim to be interested with defendant as partners, and in which it is alleged large profits were made and appropriated by defendant, who refused to account. Findings were in favor of defendant upon all the issues, upon which judgment was entered in his favor, and plaintiffs appeal from the judgment upon a bill of exceptions.

The pleadings and findings are voluminous, but from the view we take of the questions involved no extended statement of the facts is required.

1. On the question whether the five thousand one hundred and twenty acre tract was bought by Hughes for himself, or for joint account of himself and the plaintiffs as copartners and held in trust for the partnership, the court finds "That the defendant and plaintiffs were not at any time the owners or seised in fee of any of the pieces, parcels, or tracts of land described in paragraph 3 of the amended complaint, or any portion thereof, as copartners. That no portion of

any of said land stood at any time in the name of Thomas E. Hughes for the use and benefit of the plaintiffs, and no portion of said property at any time stood in the name of the defendant, Thomas E. Hughes, in trust or otherwise, for the parties to this action as copartners, or in any other way. The fact being that Thomas E. Hughes was the owner, and entitled to the sole and absolute possession of the whole thereof in fee simple." A careful examination satisfies us that the evidence upon this question, while possibly preponderating to some extent in favor of plaintiffs, is substantially conflicting, and the finding cannot therefore be disturbed. This finding being sustained, the entire claim of plaintiffs based upon the contention that there existed between the parties a partnership in this particular tract, independently of the syndicate agreement, must fall to the ground.

2. The syndicate agreement did, in our judgment, constitute a partnership within the definition of section 2395 of the Civil Code. It created an association of three persons for the purpose of carrying on together the business of selling the lands, and dividing the profits of that business between them. It contemplated united action in advertising and otherwise in promoting sales, and a joint expense to be incurred thereby, and further expressly provided for the payment *to the syndicate* of commissions on sales of other lands than those put into the syndicate. This was sufficient to constitute the relation of partnership. Whether the parties knew that they were partners or not, they certainly intended and contracted to do all that in law is necessary to create a partnership. The relation of partnership may be established, although the parties may not expressly intend to create such relationship. (Parsons on Partnership, 86; *Duryea* v. *Whitcomb*, 31 Vt. 395.) The respective parcels of land embraced in the syndicate were *contributed* by the respective partners, and thereby became subject to the partnership agreement. (Civ.

Code, secs. 2401–03.) This was not affected by the agreement that each partner should retain *his title;* they held the legal title in trust for the partnership use.

But the court finds that the relationship of the parties under the syndicate agreement was in effect dissolved, and their rights thereunder determined by the subsequent agreement entered into between the defendant and each of the plaintiffs, separately, in 1883; and this, we think, was their substantial effect. The mere assignment by one partner *to another partner* of his interest in the partnership property does not, it is true, dissolve the partnership (Civ. Code, sec. 2450); and the two agreements of 1888, so far as they operated merely to convey the land, did not, therefore, dissolve the partnership. But, as these two agreements operated to vest in defendant the whole beneficial ownership of the land contributed by the plaintiffs to said partnership, and provided for the distribution of the proceeds in a manner different from, and inconsistent with, that provided by the syndicate agreement, the defendant became thereby the owner of the whole capital originally contributed by the plaintiffs; and those agreements must, therefore, be deemed a dissolution of the partnership so far as the plaintiffs are concerned. Plaintiffs are therefore not entitled to any profits made after that time so far as the syndicate agreement is concerned, and, as the court finds that no profits were made prior to that time, they must be remitted to their rights under their separate agreements, under which it was found all the sales were made. Those rights are not involved in this action, and cannot, therefore, be determined herein.

The judgment is affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., concurring.—I concur in the order denying a rehearing in this case, but if the opinion of

the department is to be understood as holding that the lands belonging to the several parties to the syndicate agreement became, by virtue of that agreement, partnership property, I desire to state that I do not concur in that view.