[Civ. No. 4261.  First Appellate District, Division One.—February 16, 1923.]

## HENRY BECKER, Respondent, v. C. B. TURPIN et al., Appellants.

[1] CONTRACT—PURCHASE AND MARKETING OF FRUIT—CONSTRUCTION — LIMITED PARTNERSHIP. — An agreement, denominated by the parties thereto as a "joint account agreement," entered into by and between purchasers and shippers of fruit, wherein the parties agreed to share equally all expenses in securing or buying fruit and also all expenses in packing same and to divide equally all profits and losses accruing from the agreement, creates a limited partnership, and is sufficiently broad to cover executory contracts for the purchase of grapes made by either party prior to the actual entering into the joint enterprise, and to make both parties liable under section 1589 of the Civil Code to a grower for a balance due under a contract for the sale of the year's crop.

APPEAL from a judgment of the Superior Court of Fresno County.  D. A. Cashin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Harris & Hayhurst, L. B. Hayhurst and Rue C. Gibson for Appellants.

Carl E. Lindsay and Edward F. Peters for Respondent.

RICHARDS, J.—This appeal is from a judgment in the plaintiff's favor in an action to recover a balance due upon the contract price of certain Malaga grapes sold and delivered by the plaintiff during the season of 1919. The contract for the sale and delivery of said grapes was made by the plaintiff with the defendant Turpin, doing business under the name of Golden Gate Packing Company, on the tenth day of July, 1919, and was in the usual form of an executory contract between the grower and buyer for the delivery thereafter of the grower's entire crop of grapes for the year 1919, at the agreed price of sixty dollars per ton, payable upon delivery. Shortly after the making of this contract and about the time deliveries of grapes began to be made, the defendant Turpin and the defendant R.

Krasnow & Sons, Inc., entered into what is denominated by the parties thereto as a joint account agreement, which was presently put in writing and which reads as follows:

"Joint Account Agreement

"This agreement is entered into by and between K. Krasnow, representing R. Krasnow & Sons, Inc., hereinafter known as the first party, and C. B. Turpin, doing business as the Golden Gate Packing Co., hereinafter known as the second party, for the purpose of packing fruit jointly, as follows:

"To Wit:—Both parties agree to share equally all expenses in securing or buying fruit, also all expenses in packing same. Also both parties agree to divide equally all profits and losses accruing from this agreement. The second party agrees to pack to the best of his ability such fruit as he is able to procure, of the very best quality possible for him to obtain. To superintend and have charge of said pack of fruit. The first party agrees to sell the product of said pack to the very best of his ability, to render account sales promptly, etc.

"The second party retains all rights as to Labels, Firm name, trade marks, good will, etc., as sole property.

"Both parties agree to transact all the business of the company without charge, to buy, pack and sell the product of the same without charge.

"The second party agrees to render estimated costs for each car as soon as possible after shipment.

"R. KRASNOW,
"For R. KRASNOW & SONS, INC.
"C. B. TURPIN,
"For GOLDEN GATE PACKING CO."

The method by which the parties to this latter agreement did business thereunder was as follows: Turpin received and packed the grapes after they were delivered to him at his warehouse; paid for all labor and material used; loaded them in the cars; took bills of lading in the name of The Golden Gate Packing Company; consigned the first car to the Associated Fruit Company and the rest of them to R. Krasnow & Sons, Inc., Pittsburg, Pennsylvania, and later indorsed and delivered the bills of lading, together with an estimate of the cost of each car to R. Krasnow &

Sons, Inc., who advanced him approximately $1,000 on each car as the bills of lading were indorsed and turned over. The rest of the costs were advanced and the profits divided after the returns were received from the cars sold. The plaintiff delivered in all a little over forty-four tons of grapes to the warehouse of the Golden Gate Packing Company, which grapes were there packed, loaded on cars, and consigned to Krasnow & Sons, Inc., and were duly received and sold by the latter under said agreement. The plaintiff received from the Golden Gate Packing Company the sum of $1,200 on account of his crop so delivered, but not being able to obtain payment of the balance due him after the delivery of all his said crop of grapes brought this action in *assumpsit* against said defendants for the recovery of the balance due. The defendants appeared separately, filing general demurrers, which were overruled. The defendant Turpin did not further plead, but the defendants R. Krasnow and R. Krasnow & Sons, Inc., filed their separate answer denying generally and specifically all of the allegations of the plaintiff's complaint and praying that he take nothing from them or either of them by his said action. Upon the trial of the cause the court, over the said defendants' objection, permitted the introduction in evidence of the so-called "joint account agreement" above set forth and thereafter and on the strength of said agreement made its findings of fact construing said agreement to be a joint enterprise agreement between the parties thereto for the procuring, packing, shipping, and disposal of fruit, the costs, expenses, profits, and losses of said joint enterprise to be equally borne by the parties to said agreement. The court further found that the defendant Krasnow & Sons, Inc., received, accepted, and retained the benefit of the proceeds of the fruit sold and delivered by said plaintiff and by so doing assumed the payment of the purchase price thereof under the terms of said joint enterprise agreement and thus became indebted to the plaintiff for the balance of the purchase price of said plaintiff's crop of grapes according to the terms of the latter's contract with said defendant, Turpin, and rendered judgment accordingly in the plaintiff's favor for the sum of $1,446 against both said Turpin and said Krasnow & Sons, Inc. From such judgment the latter prosecutes this appeal.

[1]   The several contentions which the appellant relies
upon for a reversal of this judgment are: (1) Its objec-
tion to the sufficiency of the complaint; (2) its objection to
the admission of the Krasnow-Taylor agreement in evi-
dence, and (3) its objection to the finding of the trial
court above referred to. All of these objections depend
upon the interpretation to be placed upon the so-called
"joint account agreement" which is above set forth in full.
If that agreement is to be construed as an agreement for
the formation of a limited partnership between C. B.
Turpin, doing business under the name of Golden Gate
Packing Company, and R. Krasnow & Sons, Inc., for the
procuring, purchasing, packing, and marketing of the fruit
crop for the year 1919, dividing equally all profits and
losses arising out of said joint enterprise; and if said agree-
ment is broad enough in its intendments to cover such
executory fruit contracts as said Turpin had negotiated
prior to entering into said joint venture, it would seem to
follow that it was such an agreement as the grape grower
with whom said Turpin entered into such executory con-
tracts, either before or after the date of its execution, could
enforce against either party to such agreement in actions
for the unpaid purchase price of their product received
and disposed of by either party thereto. Looking to said
agreement between Turpin and R. Krasnow & Sons, Inc.,
we can arrive at no other conclusion than that such was
its scope and effect. It is expressly denominated a "joint
account agreement" and its first binding obligation is that
"both parties agree to share equally all expenses *in se-
curing or buying fruits,* also all expenses in packing same.
Also both parties agree to divide equally all profits and
losses accruing from this agreement." No subsequent
clause or part of this agreement lessens the force and effect
of these opening clauses thereof. That they were suffi-
ciently broad to cover executory contracts for the purchase
of grapes made by either party prior to the actual entering
into this joint enterprise is evident from the construction
which the parties themselves placed upon their said agree-
ment, since the grapes of this plaintiff, delivered after the
date of the execution of said agreement, were received,
packed and disposed of by the parties thereto under its
terms. We can, in fact, discover no substantial difference

between this agreement and that construed by the supreme court to be a limited partnership agreement in the case of *Westcott* v. *Gilman,* 170 Cal. 562 [Ann. Cas. 1916E, 437, 150 Pac. 777]. In construing an almost identical agreement the court says: "The contract in evidence in this case leaves little doubt but that the relationship between these defendants was that of a limited partnership or joint venture. Of course a partnership may be organized for the prosecution of one or two adventures, as well as for the conduct of a general and continuous business. It is not of the essence of a partnership that the parties to it should have known that their contract in law created a partnership. (*Chaplin* v. *Hughes,* 104 Cal. 302 [37 Pac. 1048, 38 Pac. 109]; *Hunter* v. *Martin,* 57 Cal. 365.) If by contract or by conduct or by both they have in point of law engaged in a partnership venture, so far as third persons are concerned, they cannot be heard to deny the relationship and the liabilities arising therefrom. It is plain from the very terms of the agreement between these defendants that it measured up to the definition of a partnership as declared by section 2395 of the Civil Code. It was an association of two persons to carry on the business and to divide the profits and losses of that business."

In that case, as in this, the dissatisfied grower sued the parties to such joint enterprise and recovered against both. If upon the authority of the above-cited case we are to hold that the agreement between Turpin and Krasnow & Sons, Inc., was a partnership agreement for the handling and disposal of the fruit crop of that year secured by either; and if, as the evidence shows, the parties thereto did in fact receive, handle, and dispose of the fruit crop of this plaintiff for their joint benefit under said agreement, then there is no escape from the obligation imposed upon both under section 1589 of the Civil Code, which reads as follows: "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."

It requires no argument to show that Krasnow & Sons, Inc., in contracting with C. B. Turpin under the name of Golden Gate Packing Company "to share equally all expense in securing or buying fruit" knew, or ought to

have known, that the fruit which said corporation shortly thereafter began to receive from said Turpin or said Golden Gate Packing Company was fruit which had been secured by the latter in the course of carrying such agreement into effect. This being so the said corporation cannot avoid the effect of their full acceptance of the benefit of the transaction between the plaintiff and said Turpin by and through which the grape crop of the former was received, handled, and disposed of under said joint enterprise agreement. We do not deem any further comment upon the authorities cited by either of the parties to this appeal necessary to make this proposition plain. The case of *Westcott* v. *Gilman, supra,* seems to cover and dispose of every question presented upon this appeal.

Judgment affirmed.

St. Sure, J., and Tyler, P. J., concurred.