## MODERN WOODMEN OF AMERICA v. BROSKAY.

No. 14309—Opinion Filed Sept. 18, 1923.

(Syllabus.)

**1. Appeal and Error — Review—Findings.**

A cause of action having been tried to a court without a jury, a general finding by said court in favor of one of the parties will be given, upon appeal, the same weight and effect as the verdict of a jury.

**2. Same—Verdict—Conclusiveness.**

In a law case, where there is competent evidence or inferences that the jury can justifiably draw therefrom, which reasonably support the judgment rendered, this court will not disturb such judgment.

**3. Same — Insurance—Judgment on Benefit Certificate — Affirmance.**

Record examined, and held, there was sufficient evidence in the record to support the judgment of the court.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Mae Broskay against the Modern Woodmen of America. Judgment for plaintiff, and defendant brings error. Affirmed.

Truman Plantz, Geo. G. Perrin, and Geo. L. Bowman, for plaintiff in error.

Crump, White & Seawel, for defendant in error.

McNEILL, J. Mae Broskay commenced action against the Modern Woodmen of America to recover the sum of $1,500 on a benefit certificate issued upon the life of her husband, Ted Broskay, she being named as beneficiary. The policy was delivered on the 12th day of January, 1921, and Broskay died October 20, 1921.

The defendant admitted the issuance of the policy, and as a defense pleaded that Broskay made application for said insurance on December 21, 1920, and in his application made certain representations, to wit: That he had not consulted or been treated by a physician within five years prior to making said application and was in good health; second, that he was a total abstainer from the use of intoxicating liquors. The defendant pleaded said representations were untrue, and pleaded said deceased had consulted a physician a short time prior to making the application, and was not in good health at the time, and further pleaded he was addicted to the use of intoxicating liquor. The case was tried to the court without a jury, and judgment rendered in favor of the plaintiff and against the defendant. From said judgment, the defendant has appealed.

The question presented upon this appeal involves but one question, to wit: Whether there is any evidence in the record to support the judgment of the trial court. The plaintiff made out a prima facie case for recovery. The burden of proof was upon the defendant to show by a preponderance of the evidence that the representations made in the application were untrue, to wit: That deceased had consulted a physician within five years prior to the time of making his application and was not in good health at the time of making the application; second, that he was not a total abstainer of the use of intoxicating liquor. Upon the question of whether the deceased had consulted a physician prior to the time of making his application, the

defendant produced Dr. A. C. Prichard, who testified by deposition that, according to his records, the deceased had consulted him on December 3, 1920; that at said time deceased was suffering from very high blood pressure, and his urine was in bad condition. The doctor further testified the deceased at said time was in a very critical condition and the symptoms of his ailments were very pronounced. The record of Dr. Prichard's office showing the date of the visit of deceased was not introduced in evidence.

The plaintiff contradicted the testimony of Dr. Prichard by testifying that the deceased had not consulted a physician, and did not consult Dr. Prichard on the date mentioned by him, but stated he had a stroke of paralysis on February 26, 1921, and had visited Dr. Prichard's office about *three weeks before, which would be about* the 5th of February, 1921. She also testified that deceased was in good health up until about the 5th of February and worked every day up to February 26, 1921. A sister of Mrs. Broskay also testified as to the good health of deceased. We then have these facts and circumstances: The physician based his testimony upon what the record in his office disclosed. The record is not introduced. He details the state of facts disclosing the applicant in a very critical condition.

The by-laws of the company require, before the certificate for the insurance is issued, that the applicant must be examined by the physician. The applicant was examined at the time of making his application, or, at least, it must be presumed he was. The condition of his health, as disclosed by that examination, is not in the evidence. It must be presumed those facts are in possession of the defendant company herein. It is hard to conceive the evidence of Dr. Prichard to be true regarding the condition of deceased, and the date he made the examination, and believe that a physician could examine the deceased 18 days afterwards and recommend insurance for him.

It is contended, however, that the evidence of the plaintiff and her sister is negative testimony and entitled to no weight. In this we cannot agree. In some particulars the evidence is negative, but in others it is not. It states a condition of facts which the witnesses had personal knowledge of and contradicts certain statements made by Dr. Prichard. This being a law action, the credibility of the witnesses and the weight to be given their testimony is a question for the jury. This court has consistently held that where the evidence is conflicting, the finding of the jury will not be disturbed by this court. This court in a long line of decisions has also held that where a law case is tried to the court without a jury, the finding of the court in favor of one of the parties will be given on appeal the same weight and effect as the verdict of the jury. See Gayer v. Pearce, 86 Okla. 102, 206 Pac. 822.

It is next contended the evidence is conclusive that the defendant was not a total abstainer of intoxicating liquor. The only evidence upon this question was given by Mr. May, for whom the deceased worked. He testified he had seen the deceased drink liquor; that the deceased was a strong, healthy young man. He stated deceased did his drinking at night, but, being strong and healthy, would be able to go to work the next day. Witness did not say he ever saw deceased drunk, and when asked if he ever drank with deceased, he answered "very seldom." This was the substance of his testimony. To contradict this testimony, the wife testified regarding the time deceased came home each day from his work, of spending his evening with her and her sisters; denied that the deceased ever drank or that she ever smelled liquor on his breath. The sister of the plaintiff also testified regarding the habits of the deceased, all of which tends to contradict the testimony of Mr. May regarding the deceased getting upon sprees at night.

It may also be noted that the testimony of Dr. Prichard as to the condition of the deceased on December 3rd conflicts with the testimony of Mr. May regarding the condition of the deceased, as Mr. May testified the deceased was a strong, robust young man. Dr. Prichard pictures him in a very critical condition. These were the only four witnesses testifying in the case. The testimony of Dr. Prichard and Mr. May were by depositions taken at Hot Springs, Ark. The plaintiff was not represented at the time of making said depositions and Dr. Prichard and Mr. May were not cross-examined. This, however, is immaterial. The plaintiff and her sister appeared at the trial, gave their testimony and were cross-examined. The court had an opportunity to see two of the witnesses, and note their demeanor upon the stand. The burden of proving the defense pleaded was upon the defendant. It being conceded the plaintiff had made out a prima facie case for recovery unless the evidence of the defendant was conclusive upon the question presented,

it was not error to render judgment for the plaintiff.

It is sufficient to say that the evidence produced by defendant upon the two questions of fact, it having the burden of proof as to those questions, was not of such character, when taken in connection with the other circumstances and facts presented that men of ordinary intelligence might not draw different conclusions therefrom.

For the reasons stated, the judgment of the court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, COCHRAN, BRANSON, and HARRISON, JJ., concur.