### ROCK v. ROBINETTE et al.

No. 11824—Opinion Filed Sept. 18, 1923.

**1. Appeal and Error — Review — General Findings.**

Where a cause of action has been tried to the court without a jury, a general finding by such court in favor of one of the parties will be given upon appeal the same weight and effect as a verdict of the jury.

**2. Same.**

Where a jury is waived and a cause is tried to the court and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and such finding, when reasonably supported by the evidence in the case, is conclusive upon the Supreme Court upon all doubtful and uncertain questions of fact so found.

**3. Same — Presumption as to Rulings on Evidence.**

Where a jury is waived and the cause is tried to the court and the court hears testimony and rejects testimony and strikes answers when none of the testimony is within the issues joined in the pleadings, no error is committed, and this arises through the presumption that the court considers only such testimony as is material and relevant to the issue joined in the pleading.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Jas. I. Phelps, Assigned Judge.

Action by Charles F. Rock, assignee of the Thomas Milling Company, against O. Robinette and _____ McKinney, copartners, doing business as the People's Exchange. Judgment for defendants, and plaintiff brings error. Affirmed.

Rogers & Jones, for plaintiff in error.

Remington Rogers, Ed L. Jones, Merwin Haven, and A. C. Saunders, for defendants in error.

Opinion by RUTH, C. This was an action brought by the plaintiff in error, plaintiff below, as assignee of the Thomas Milling Company of Weatherford, Okla., against the defendants in error, defendants below, to recover as damages the difference between the contract price of flour on a certain date and the market price at which the plaintiff's assignor resold the said flour at a subsequent date.

Plaintiff alleges in his petition that the milling company and the defendants entered into a contract in the following words and figures:

"Uniform Sales Contract.

"Standardized by The Millers' Exchange.

"Order No.                      7-14, 1917.

"Thomas Milling Co., of Weatherford, Okla., hereby sells, and People's Exchange, of Tulsa, hereby buys the flour and or feed as specified below, on the following terms and conditions:

"(The Millers' National Federation package differentials shall govern.)

| "Number | "Packages Size | Brand | Price |
|---|---|---|---|
| "220 | 48 | Silver Wave | 12.60 |
| "560 | 24 | Silver Wave | 12.70 |

"5 cars one every 15 days.
"following _____
"Ship via            .            Railroad
"Bill Shipper's Order.
"Destination
"Notify
"Date of Shipment            August 15th
"Terms:                     Draft
"with bill of lading attached. Delivery F. O. B. Mill, freight allowed to_____

"The buyer shall have the privilege to change the specifications as to the size of the packages by written notice to the seller, not later than_____day before the time of shipment as above stated, and shipment shall be made by the seller within the said_____days without further notice from the buyer. This contract shall not be valid and binding until the same shall have been confirmed by_____Thomas Milling Company, of Weatherford, Oklahoma.

"It is understood that this contract contains all of the agreements between the parties and no modification thereof, after the same shall have been confirmed, will be valid, except by mutual consent of the parties, in writing.

"Thomas Milling Co. (Signed) S. D. Haines, Salesman.

"Peoples Exchange, Buyer."

That the defendants received and paid for all but 334 barrels of the flour; that defendants notified the milling company on November 15, 1917, that they would not accept the balance of their order and the milling company sold the balance of the order on November 15, 1917, on the open market and this action is brought to recover the difference in the price of the flour on November 15th and the contract price under their contract with the defendants on July 14, 1917, it being alleged that flour had greatly depreciated in value within that period.

The defendants answered by general denial and further answered denying specifically that they refused to accept the flour and alleged the milling company extended time of shipment by letters under date of October 5th and November 27, 1917, respectively, and that the milling company refused to ship flour in accordance with the contract.

No reply was filed by the plaintiff and upon the issues so joined, the cause proceeded to trial before Jas. I. Phelps, a judge of the 13th judicial district, specially assigned to Tulsa county, both sides having waived a jury, and after hearing had, the court "finds the issues in favor of the defendants."

Plaintiff thereupon files his motion for a new trial, solely upon the ground of "error of law occurring at the trial and excepted to by the plaintiff." Upon motion being overruled, plaintiff brings this cause to this court for review and plaintiff's petition in error contains but three specifications of error, to wit: (1) That the court erred in overruling motion of plaintiff in error for a new trial. (2) The court erred in permitting O. Robinette, one of the defendants in error, to testify with reference to whether the Thomas Milling Company of Weatherford notified the defendants that they contemplated a resale of the flour. (3) The court erred in ruling out an answer of S. D. Haworth, a witness for the plaintiff, whereby it was sought to prove the reason for changes in specifications of shipments of flour in cars of minimum weight of 30,000 pounds was in compliance with the rule of the United States Government of America, which had assumed and was in control of the railway system of the United States, etc.

The only question for this court to determine under the record is whether or not the court erred in admitting certain testimony of O. Robinette, one of the defendants, and striking out certain answers of S. D. Haworth, a witness for the plaintiff.

When an action at law is tried to the court by consent, both parties having waived a jury, objections of the character above

named are not looked upon favorably by appellate courts, as the presumption is that the trained mind of the court is so balanced as to enable the court to separate the wheat from the chaff, to segregate the material from the immaterial and determine the cause fairly and impartially without bias or prejudice and in accordance with the law and the relevant material facts, and particularly is this true when the evidence introduced and proposed to be introduced and the answers stricken are in no manner within the issues presented to the court in the pleadings. The objectionable testimony of O. Robinette is set out by the plaintiff in his brief as follows:

"Q. Did the Thomas Milling Company ever at any time notify you that they were going to have a sale of those two cars to some one else? Mr. Jones: We object to that for the reason it is incompetent, irrelevant and immaterial. The Court: Overruled. Mr. Jones: Exception. Q. You may answer that. A. They never did."

It appears from the testimony that after this contract was made, the United States Government, as a war measure, took over the railroads of the United States and raised the minimum of the weights to be placed in cars, and Mr. Haworth was asked the question:

"Q. Mr. Haworth, may I ask if the increase, which was invoked by the railway company or the federal government as to the minimum weight which might be placed in a car for shipment, would have necessarily increased the quantity of flour which the People's Exchange had purchased from you as a lot of five cars? Mr. Brown: Objected to as incompetent, irrelevant and immaterial. The Court: Overruled. Mr. Brown: Exception. A. No, sir."

This was decided by the court in favor of the plaintiff and he, of course, does not complain of this, but it is necessary to set it forth as explanatory of the objection following:

"Q. Then, will you kindly explain how such contingencies were met and dealt with after the United States Government made its ruling compelling you to place a much larger tonnage in a car for shipment than you had previously been shipping? A. Well, there was probably more ways than one by which such contingency could have been met, but the most simple method and the one employed by us was to either sell the party who had already purchased the flour, enough feed to make up the minimum weight, or, if they so desired, we would make up the minimum weight with flour, if the customer was not in the market for feed and did not want the minimum weight made up of flour, it was our custom to sel enough flour somewhere along the road, over which such shipment might be routed, or, at the destination o f the car, to some other person, to make up such minimum weight. Mr. Brown: We move to strike out the answer of the witness as incompetent, irrelevant and immaterial. The Court: Motion sustained. I do not think that is competent, what their custom was. Mr. Jones: Give us an exception."

We cannot find reversible error in the ruling of the court in either instance complained of by plaintiff in error, nor does the judgment of the court disclose it was influenced by any answer given. The trial court was not requested to make a finding of law or of fact, and the only issue made up by the pleadings being an allegation by the plaintiff that defendants refused to accept the flour and the answer by the defendants that they did not refuse to accept the flour but plaintiff refused to ship the flour according to contract, and the court having found "the issue in favor of the defendants," the judgment upon the issue will not be disturbed.

This court held in Lieberman v. Merring, Martin & Boise Co., 84 Okla. 168, 203 Pac. 1045:

"Where a jury is waived and a cause is tried to a court and the finding of the court is general, such finding is the finding of every special thing necessary to be found to sustain the general finding and such finding, when reasonably supported by the evidence in the case, is conclusive upon the Supreme Court upon all doubtful and disputed questions of fact so found." Gaines Bros. & Co. v. Citizens Bank of Henryetta, 84 Okla. 265, 204 Pac. 112; Gayer v. Pearce, 86 Okla. 102, 206 Pac. 822; Schaff v. McGuyre, 87 Okla. 41, 208 Pac. 263.

A later expression of opinion sustaining the opinions above quoted will be found in the cases of Smith v. Lindsay et al., 91 Okla. 8, 215 Pac. 791, and Dustin Groc. & Feed Co. v. Lucas et al., 91 Okla, 11, 215 Pac. 417.

The court having made a general finding, and there being material competent evidence to sustain the finding of the court, such finding is conclusive upon this court, and the judgment of the court below should be affirmed.

By the Court: It is so ordered.