## MAPEL et al. v. LONG-BELL LUMBER CO. et al.

No. 14552—Opinion Filed Oct. 14, 1924.

1. **Partnership—Existence of Relation— Burden of Proof—Jury Question.**

The burden of proving the existence of a partnership is ordinarily on him who alleges and relies on the fact of its existence. It is the province of the jury to decide whether those facts exist which show that a partnership has been formed.

2. **Same—Liability to Third Persons.**

It is not necessary, as regards liability to third persons, that parties know that their contract in law creates a partnership, but it is enough that by contract or conduct, or both, they have in law engaged in a partnership venture.

3. **Same—Presumption of Partnership Relation.**

When the fact appears that parties associated themselves together and incurred liabilities in the conduct of a business under a certain name, the legal presumption is that they are governed by the general rule and are liable as partners, and the burden is on them to prove that they are duly incorporated or that they fall under some exception to the general rule.

4. **Mechanics' Liens—Assignment Before Filing Statement.**

Section 7477, Comp. Stat. 1921, does not require a laborer or materialman to file a statement of his claim of lien before it is assignable.

5. **Same—Lien Sustained.**

Record examined, and held, that the finding of the trial court that the plaintiff and

interveners in this cause have a lien on the lands and tenements in controversy arising from the mechanics' and materialmen's lien law of this state to secure the payment of their indebtedness is sufficiently supported by the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Long-Bell Lumber Company against O. E. Mapel, R. A. Rasmuson, Alexander Hamilton, E. C. Frazier, and George W. Goehler. Interveners: Service Lumber Company, Grandfield Lumber & Supply Company, and Harris-Deaver Lumber Company. From judgment in favor of the plaintiff and interveners, defendants bring error. Affirmed.

Herman M. Shirley, O. E. Dawes, and Edward Hirsh, for plaintiffs in error.

Wilson & Roe, for defendants in error.

Opinion by PINKHAM, C. This is an appeal from the judgment of the district court of Tillman county in a case in which the defendant in error Long-Bell Lumber Company was plaintiff, and O. E. Mapel, and others, alleged to be doing business as Oil City Laundry, were defendants, and the Service Lumber Company, Grandfield Lumber & Supply Company, and Harris-Deaver Lumber Company, were interveners.

The cause involved the claims of the plaintiff Long-Bell Lumber Company and the interveners for the amounts stated in their lien statements for furnishing lumber and material for the construction of a laundry.

All the defendants filed their verified answers denying that they were partners as alleged in the petition of the plaintiff and of the interveners, except the defendant, E. C. Frazier.

The case was tried to a jury and after verdict rendered in favor of the plaintiff and the interveners a money judgment was rendered by the court in favor of the plaintiff and each of the interveners in the amount of their respective claims against the Oil City Laundry, a partnership composed of the defendants, O. E. Mapel, R. A. Rasmuson, Alexander Hamilton, George W. Goehler, W. E. Young, and E. C. Frazier, all of whom, it appears, were personally served with summons in the case.

The court further found that the plaintiff Long-Bell Lumber Company, has a lien on the lands and tenements described in its petition to secure the payment of its said indebtedness, interest, and attorneys' fees

and costs, said property being described as follows, towit: The north-half of lots 7, 8, 9, 10, 11, and 12, of block 60, Perry addition, to the town of Grandfield, Okla., and that each of the cross-petitioners, Grandfield Lumber & Supply Company, Service Lumber Company, and Harris-Deaver Lumber Company, have a lien on said lands and tenements to secure the payment of their above described indebtedness, interest, attorneys' fees and costs, said liens and all of them arising from the mechanics' and materialmen's lien law of the state of Oklahoma.

From this judgment the defendants O. E. Mapel, R. A. Rasmuson, Alexander Hamilton, E. C. Frazier, and George W. Goehler have perfected their appeal to this court.

Counsel for plaintiffs in error in their brief raise no questions as to the proper admission or refusal of evidence or the giving or failing to give instructions.

It is contended by counsel for plaintiffs in error in their brief that the evidence was insufficient to show that the Oil City Laundry was a partnership.

The record discloses that there was a business concern at Grandfield operating under the name and style of "Oil City Laundry", that it bought lumber and other material from the plaintiff and the interveners, and used the same in the construction of a laundry building and other improvements on the lots in question, and that the building was completed and the laundry business carried on therein.

All of the testimony in the case relating to the question of partnership was introduced by the various lumber companies—the plaintiff and interveners—and none of the defendants produced any evidence sufficient to negative the existence of a partnership doing business as the "Oil City Laundry."

In connection with the accounts of plaintiff and the interveners the original lien statements under oath showing the amount due for materials sold the Oil City Laundry were introduced. All of these accounts were testified to as correct except that the manager of the Grandfield Lumber & Supply Company testified that defendants were entitled to certain credits accruing since its statement was filed. There was no dispute as to the correctness of the accounts.

The manager of the plaintiff company testified that he had a number of conversations with several of the defendants with reference to the lumber furnished to the Oil City Laundry by his company, and that none of them at any time denied that they were

partners in the laundry business, that the defendants, O. E. Mapel, R. A. Rasmuson, Alexander Hamilton, and George W. Goehler, had executed a note as collateral security for the indebtedness, and that the defendant Mapel, who owned the lots upon which the laundry building was erected, had full knowledge of all the facts in connection with the purchase and use of the lumber on the said lots.

This witness testified that he talked to Mr. Rasmuson about the account and the partnership many time, that Rasmuson claimed to be interested in it and assumed responsibility, and talked about paying it, and promised him about 25 times they would make arrangements to pay it, and that none of the parties ever disputed the fact that they were partners in the business.

The testimony of each of the representatives of the other lumber companies who sold their materials to the Oil City Laundry was to the same effect. None of the defendants testified in the case.

The burden of proving the existence of a partnership is ordinarily on him who alleges and relies on the fact of its existence. It is the province of the jury to decide whether those facts exist which show that a partnership has been formed. 20 R. C. L. 849.

It is urged that with respect to the defendant George W. Goehler, the evidence fails to show that he was a member of the partnership, and our attention is directed to the testimony of the manager of plaintiff, who stated that he "did not know Mr. Goehler in the deal at all."

It appears, however, that while the suit was pending Mr. Goehler joined with several of his codefendants in executing his note to the plaintiff as collateral security for the purpose of continuing the case for a year.

In the absence of any explanation by him or on his behalf in so doing the jury doubtless inferred that he did so because he was a partner in the enterprise.

We do not think the fact that the plaintiff or the interveners were, at the time of the sale of their materials to this concern, aware of the identity of all the members of the firm carrying on the Oil City Laundry business would operate to release one from liability to a third person who is subsequently discovered to be a partner in the concern.

"The business intimacy between persons and their conduct in connection with a particular enterprise may be admissible to prove partnership between them, although each item of such evidence may have lent but slight weight when separately considered." 30 Cyc. 404.

In McDonald v. Clough et al. (Colo.) 146 Pac. 121, it is said:

"The fact that the plaintiff sold goods to a partnership in ignorance at the time of the sale of the existence of a secret partner will not prevent recovery against the secret party for the goods sold."

The question of whether at the time the lumber and building material was furnished by the plaintiff and interveners for the purpose of constructing the building for the said Oil City Laundry there was a partnership existing between two or more defendants for the purpose of purchasing material and constructing the laundry building was submitted to the jury under proper instructions, and their verdict involved a finding that the Oil City Laundry was a partnership composed of the defendants.

We think the evidence in this case leaves little doubt but that the relationship between these defendants was that of a partnership or joint adventure. In the case of Wescott v. Gilman, 170 Cal. 562, 150 Pac. 777, it is said in the opinion:

"It is not of the essence of a partnership that the parties to it should have known that their contract in law created a partnership (Chaplin v. Hughes, 104 Cal. 302, 37 Pac. 1048; Hunter v. Martin, 57 Cal. 365). If by contract or by conduct, or by both, they have in point of law engaged in a partnership venture, so far as third parties are concerned, they cannot be heard to deny the relationship and the liabilities arising therefrom."

Counsel for plaintiffs in error say in their brief "the fact is that a corporation contracted with the plaintiff and this is amply proven by plaintiff's own witnesses."

It is doubtless true the defendants contemplated forming a corporation, but it is clear from a careful examination of the record before us that a corporation was not organized at the time the lumber and materials were purchased, or at any subsequent time, or that any of the defendants paid for stock in any corporation. If the defendants were stockholders in a corporation there is no evidence of that fact in this record.

It is generally held that when parties associate themselves together for the purpose of organizing a corporation and fail, they thereupon become partners to the extent of their interest. Lynch v. Perryman, 29 Okla. 615, 119 Pac. 229.

In the case of Harrell v. Davis, 168 Fed.

187, Sanborn, Circuit Judge, says in the opinion:

"The general rule is that parties who associate themselves together and actively engage in business for profit under any name are liable as partners for the debts they incur under that name. It is an exception to this rule that such associates may escape individual liability for such debts by a compliance with incorporation laws or by a real attempt to comply with them which gives the color of a legal corporation, and by the user of the franchise of such a corporation in the honest belief that it is duly incorporated. When the fact appears, as it does in the case at bar, by indisputable evidence, that parties associated and knowingly incurred liabilities under a given name, the legal presumption is that they are governed by the general rule, and the burden is upon them to prove that they fall under some exception to it."

See, also, 30 Cyc. 397, and 20 R. C. L. 844.

From the record it is made to appear that the plaintiff, Long-Bell Lumber Company, became the successor of the Southwestern Lumber Company, that the Southwestern Lumber Company had sold materials and supplies to the Oil City Laundry Company, and that the Southwestern Lumber Company thereafter sold and assigned its account to plaintiff.

It is contended by plaintiff in error that the assignment of a materialman's claim confers upon the assignee no right to acquire or perfect the lien to which the assignor was entitled.

As we understand the argument of counsel it is that the mere claim—that is, a mere inchoate right to a lien—is not assignable; that the original claimant must perfect the lien under the statute, and that his assignee cannot perfect the lien.

A number of cases are cited in the brief of plaintiff in error which appear to sustain the contention.

In 27 Cyc. 255, it is said:

"In some jurisdictions it is held that an inchoate mechanic's lien may be assigned so as to invest the assignee with the right to perfect and enforce the same."

In support of the statement in Cyc. cases are cited from Alabama, Colorado, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Rhode Island, and South Dakota. See, also, Boisot on Mechanics' Liens, section 10; Phillips on Mechanics' Liens, sections 54, 54a, 55.

Our statute—section 7477, Comp. Stat. 1921—provides that:

"All claims for liens and rights of action to recover therefor hereunder shall be assignable so as to vest in the assignee all rights and remedies herein given subject to all defenses thereto that might be made if such assignment had not been made," etc.

In the case of McAllister v. Des Roches, 132 Mich. 381, it is said in the opinion:

"The first question urged by the defendant, Des Roches, is that under the statute until a statement is filed as provided therein there is no lien or claim of lien which can be assigned under 3 Comp. Laws, sec. 10, 734. We think this too narrow a construction to be placed upon the statute. It provides that 'All liens or claims for liens which may arise or accrue under the terms of this act shall be assignable and proceedings to enforce such liens may be maintained by and in the name of the assignees. The purpose of this statute was to permit those who furnish labor and material in the construction of a building to assign their claims so that one proceeding in the interest of economy should suffice. The statute does not require that the laborer or the materialman must first make and file a statement of his claim before he has an assignable claim."

We think that under our statute—section 7477, supra—the right to perfect a lien is clearly assignable.

It is further contended that "a materialman has a lien under section 7461, Comp. Stat. 1921, only where there is an enforceable legal contract with the owner of the premises sought to be charged with the lien, and where no such contract exists the materialman may not subject the premises to a lien."

Defendants' argument under this contention is based on the proposition that the evidence shows the record title to the land to have been in defendant O. E. Mapel, and as the evidence it is contended does not show a sale to Mapel of the material the land cannot be held to be impressed with a lien because it is not shown that there was a "contract with the owner."

The contention is not sustained. We have concluded that there was a partnership known as the Oil City Laundry. If the evidence shows, as we think it does, that the partnership composed of the defendants herein, including the defendant Mapel, and that the lumber and materials furnished by the plaintiff and interveners to the Oil City Laundry were placed upon the lots in question and then used in the construction of the laundry buildings and occupied and operated by the partnership in carrying on their enterprise, all with the full knowledge of the defendant Mapel, the pre-

sumption would arise that the property involved was partnership property, notwithstanding the fact that the record title of the lots was in the name of one individual of the partners. In other words, evidence that property standing in the name of one partner is used for partnership purposes raises a presumption that it is partnership property

We concluded that the finding of the trial court that the plaintiff and interveners and cross-petitioners have a lien on the lands and tenements in controversy to secure the payment of their indebtedness is sufficiently supported by the evidence.

The defendant Mapel, the record owner of the lots in question, alleged in his answer that on or about the ——day of——, 1920, he entered into a contract with one D. C. Dunaway, who purported to act for himself and others who were about to organize a laundry company, whereby this answering defendant contracted to sell said lots to said laundry company when organized, that no part of the said purchase price has been paid, and the deed has never been delivered.

It is sufficient to say the evidence contained in the record does not sustain this allegation.

In view of these facts section 7461, supra, cited by defendants, does not apply in this case.

No personal judgment was rendered in this case against any individual defendants but only against the partnership, the judgment reciting of whom the partnership was composed, and that all the named members had been personally served with summons. Under such circumstances the judgment can be satisfied by execution against partnership property and the partners personally served. (Heaton v. Shaeffer, 34 Okla. 631, 126 Pac. 797.)

In the brief of defendants in error confession of error is made that judgment was rendered in favor of the Grandfield Lumber & Supply Company for more than the amount due as shown by the evidence. The judgment rendered in favor of the Grandfield Lumber Company was in the amount of $511.32. The representative of the said company testified that this was incorrect, that only $342.02 was owing.

Upon the whole record we are of the opinion that the verdict of the jury is amply supported by the evidence, that the liability of each and all of the defendants has been established, and that the property in question should be sold to satisfy the

liens of the plaintiff and the intreveners. Credit, however, should be given on the judgment of the Grandfield Lumber & Supply Company in the amount of the difference between $511.32 and $342.02, being $169.30.

The judgment of the district court as modified should be, we think, affirmed.

By the Court: It is so ordered.