## MITCHELL et al. v. MILNER.

No. 15213—Opinion Filed June 30, 1925.

**1. Appeal and Error—Sufficiency of Evidence—Verdict.**

Judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support the verdict of the jury.

**2. Same—Verdict Sustained.**

Record examined; held, to be sufficient to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by E. D. Mitchell et al. against John T. Miller, for debt. Judgment for defendant, and plaintiffs brings error. Affirmed.

C. A. Steele, W. A. Daugherty, and E. D. Brewer, for plaintiffs in error.

John T. Dewberry, for defendant in error.

Opinion by STEPHENSON, C. E. D. Mitchell and C. D. Jenal commenced their action against John T. Milner to recover for unpaid rentals alleged to be due the plaintiffs. The trial of the cause resulted in a judgment against the plaintiffs. The latter have appealed the cause to this court, and assign several of the proceedings had in the trial of the cause as error for reversal. Among the several propositions submitted are: (1) The verdict of the jury is contrary to the evidence. (2) The verdict of the jury is contrary to law. (4) Error of the court in submitting the issues to the jury.

The substance of plaintiffs' cause of action is:

(1) That the plaintiffs leased to the defendant a store building for one year commencing on the first day of September, 1922, at a rental of $200 per month.

(2) The defendant became a bankrupt in January, 1923, and had failed and refused to pay the rentals for the remainder of the year.

(3) That the plaintiffs leased the premises on July 10, 1923, for the same rental the defendant had contracted to pay, and that the defendant was indebted to the plaintiffs for the rentals between January 31st and July 10th.

The defendant filed a general denial and alleged specially that he relinquished the lease to the plaintiffs about the middle of January, 1923, and that the plaintiffs accepted the relinquishment of the premises on account of the financial inability of the defendant to pay further rents. The plaintiffs admitted the acceptance of the keys for the building from the defendant, and further admitted their efforts to lease the premises, and the final lease made in July. But the plaintiffs allege they accepted the premises for the purpose of endeavoring to lease the same for the benefit of the defendant. The plaintiffs contend that the lease was made in July for the benefit of the defendant and for the purpose of reducing the defendant's damages to the plaintiffs, and not for the purpose of releasing the defendant.

The plaintiffs state a cause of action against the defendant for the remainder of the lease year. The evidence introduced by the plaintiffs in the course of the trial of the cause supports their allegations. The defendant introduced evidence in support of his answer. A verdict in favor of either party would have been supported by sufficient competent evidence.

It would serve no useful purpose to analyze the rules of law applicable to the respective contentions of the parties, since the plaintiffs stated a cause of action. The answer of the defendant stated a sufficient defense at law to the complaint of the plaintiffs. The issues were fairly submitted by the court to the jury.

It is sufficient to say there is ample competent evidence reasonably tending to support the verdict of the jury in favor of the defendant. Modern Woodmen of America v. Breskay, 95 Okla. 135, 218 Pac. 690; Cutshall v. Yates, 95 Okla. 277, 219 Pac. 343.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. pp. 433-435; 4 R. C. L. Supp. p. 90, 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 853 §2834.