## HOLLIS et al. v. O. A. STEINER TIRE CO.

No. 16124—Opinion Filed March 30, 1926.

(Syllabus.)

**1. Appeal and Error—Sufficiency of Evidence—Findings in Law Action.**

In an action at law, where a jury is waived and the cause submitted to the court, the findings of the court will not be disturbed by this court where such findings are reasonably supported by the evidence.

**2. Partnership — Liability of Members for Debt Incurred During Effort to Form Common-Law Trust.**

Where it is shown that parties associated themselves together for the purpose of carrying on a business, and it is further shown that it was their intention to form a common-law trust, but such intention was never consummated, and in the meantime such association of persons became indebted to a third party upon contract, then such third party may recover for such indebtedness from the persons so associating themselves for the purpose of forming a common-law trust.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by the O. A. Steiner Tire Company against J. G. Hollis and others. Judgment for plaintiff, and defendants appeal. Affirmed.

O. S. Booth and Chas. R. Bostick. for plaintiffs in error.

Woodard & Westhafer, for defendant in error.

LESTER. J. This case presents error from the district court of Tulsa county. For convenience the parties will be referred to as they appeared in the court below.

O. A. Steiner Tire Company, a corporation, brought suit against the Camden Drilling Company, an alleged copartnership, and certain parties whom it was alleged composed the said partnership. The suit was on ac-

count, to recover the sum of $198.50 for automobile tires alleged to have been sold to the defendants on the 28th day of July, 1921. The action was originally brought before a justice of the peace in said county. Judgment was rendered thereon against the defendants, and they appealed to the district court of Tulsa county. A trial was had in the district court of Tulsa county, a jury waived, and the issues submitted to the court, and the court rendered judgment in favor of the plaintiff, and against the defendants. from which judgment the defendants prosecute this appeal to reverse the same.

Voluminous briefs have been filed in this case by the defendants in which they earnestly insist that there is a total lack of evidence to sustain the judgment of the district court. They also insist that the district court committed numerous errors of law in its rulings, and therefore the cause should be reversed.

We have read the entire record in this case. and we find that there is sufficient evidence to sustain the judgment of the court. This court has uniformly held that when an action at law is tried to the court without the intervention of a jury, and there is evidence reasonably tending to support the findings of the court, this court will not then review the evidence to ascertain its weight and sufficiency.

"A jury case having been tried to the court without a jury, a general finding by the court in favor of one of the parties will upon review here, be given the same weight as the verdict of a jury." Ledford v. Huggans, 89 Okla. 224, 214 Pac. 687; Rock v. Robinette. 92 Okla. 123, 218 Pac. 808; Modern Woodmen of America v. Brodskay, 95 Okla. 135, 218 Pac. 690; Mott v. Nelson, 96 Okla. 117, 220 Pac. 617; Jackson v. Turner, 107 Okla. 167, 231 Pac. 290.

The court found on the question of fact that the Camden Drilling Company was a copartnership, and that the several persons whom the court rendered judgment against composed the personnel of such copartnership. The defendants complain that it is incumbent on the plaintiff to establish by a preponderance of the evidence that such partnership relation between the defendants existed. The case of Mapel v. Long Bell Lumber Company et al., 103 Okla. 249, 229 Pac. 793, states the rule to be that:

"When the fact appears that parties associate themselves together and incur liabilities in the conduct of a business under a certain name, the legal presumption is that they are governed by the general rule, and are liable as partners, and the burden is on

them to prove that they are duly incorporated, or that they fall under some exception to the general rule."

And the court in its opinion quotes with approval the doctrine laid down in Wescott v. Gillman, 170 Cal. 562, 150 Pac. 777, as follows:

"It is not of the essence of a partnership that the parties to it should have known that their contract in law created a partnership (Chaplin v. Hughes, 104 Cal. 302, 37 Pac. 1048; Hunter v. Martin, 57 Cal. 365). If by contract or by conduct, or by both, they have in point of law engaged in a partnership venture, so far as third parties are concerned, they cannot be heard to deny the relationship and the liabilities arising therefrom."

From the record it clearly appears that certain persons associated themselves together with the intention of drilling for oil; that originally it was their intention to form an organization under a common-law trust. They failed to perfect the trust agreement, and the tires were bought for the purpose of placing them on an automobile which was to be used in carrying on the work and enterprise for which the several parties had associated themselves.

We are clearly of the opinion that, under the evidence, the court was justified in rendering the judgment it did, and that the defendants have not submitted any authority that would justify this court in reversing the same upon any error of law. Judgment is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 879 §2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81. (2) 30 Cyc. p. 398.