CONTINENTAL OIL CO. v. BERRY et al., Trustees.

No. 29351. May 7, 1940.

Rehearing Denied June 11, 1940.

*103 P. 2d 69.*

Hayes, Richardson, Shartel & Gilliland, of Oklahoma City, and A. L. Hull, of Ponca City, for plaintiff in error.

Hal Johnson, of Oklahoma City, for defendants in error.

HURST, J. This is an action by Continental Oil Company against defendants Berry and Hayes, individually and as trustees of General Trust Estate, an express trust, to recover payments made through mistake by plaintiff to defendants as trustees. The trial court rendered judgment for plaintiff against defendants as trustees, but not as individuals, and plaintiff appeals from that part of the judgment holding defendants not personally liable.

The facts giving rise to the controversy are that in 1931 Mid-Texas Petroleum Company, a corporation owned solely by defendants and members of their families, including a son-in-law of defendant Hayes, was the owner of an oil and gas lease in the Oklahoma City field, upon which it was desirous of drilling a well, and General Trust Estate was organized, and an interest in the lease transferred to it, for the purpose of selling certificates of interest to obtain money for drilling such well. The declaration of trust of General Trust Estate recited that Berry and Hayes had paid in a certain sum of money to Berry and Hayes as trustees, but both testified that this recital was not true, but was a part of the form as prepared by the attorney who drew the trust agreement. Apparently the interest in the lease held by the trust was assigned by Mid-Texas Petroleum Company to Berry and Hayes, but whether to them individually or as trustees does not appear. However, the evidence is undisputed that the interest in the lease was the only property held by the trust, and that the equitable title or beneficial interest thereto was in Mid-Texas Petroleum Company. The plan to sell certificates of interest was abandoned before any certificates were sold, but title to the interest remained in the trust estate, and when a producing well was later drilled the oil and gas produced from this interest was purchased by plaintiff. The money received by defendants as trustees was deposited by them to the credit of Mid-Texas Petroleum Company, as and when received. Being indebted to H. F. Wilcox Oil & Gas Company, the operator of the lease, for operating expenses thereon, defendants as trustees delivered to plaintiff an assignment or transfer order, transferring to H. F. Wilcox Oil & Gas Company the money due the trust for oil taken by plaintiff from the lease during April, 1936. Plaintiff by mistake paid a part of this money to defendants as trustees, and about a month thereafter discovered the mistake, and demanded repayment thereof. Defendants had deposited the money to the credit of Mid-Texas Petroleum Company, and although various conferences were had about the sum so received, it was never repaid to plaintiff. At the time the action was brought, the interest of General Trust Estate in the lease had apparently been sold.

Plaintiff bases its argument for reversal on three contentions, which will be disposed of in order.

1. Its first contention is that the trust not having been perfected by the sale

of certificates of interest, it was not effective for any purpose, and defendants, therefore, occupied the status of partners, and were individually liable to plaintiff for the repayment of the sum paid them by mistake. This assertion is based upon numerous cases holding that where the owners of property attempt to create a trust in property owned by them, with themselves as trustees, or attempt to create a trust to carry on a business, and the trust is not consummated, and does not become effective as such, they hold the property or business as partners, and are liable as such. This rule is announced in Hollis et al. v. O. A. Steiner Tire Co., 122 Okla. 190, 247 P. 66, and in Mapel v. Long Bell Lumber Co., 103 Okla. 249, 229 P. 793, but is not applicable to the present case for the reason that the equitable ownership of the property of the trust was not vested in the trustees, but in the Mid-Texas Petroleum Company. So, if the trust never became effective, the trustees did not become the owners of the trust property, but held it for Mid-Texas Petroleum Company, as trustees of a resulting trust. 2 Restatement of the Law, Trusts, § 411; Seran v. Davis, 174 Okla. 433, 50 P. 2d 662. The rule is stated in 26 R. C. L. 1216, as follows:

"If an attempt to create an express trust fails, it is as if the attempt had not been made, and therefore no rights or interests are created by the instrument. The beneficiaries are not entitled to take the property on the theory that the trust feature alone of the devise or conveyance has failed, nor is the trustee entitled to the gift for his own benefit on the theory that, as the trust is void, he takes the property free therefrom. In such a case a trust results in favor of the donor or his heirs. This is on the idea that the donee of the property did not take a beneficial interest, but took it as trustee for the purpose of accomplishing the intentions of the donor in making the conveyance, and that there was an implied intention or understanding on the part of the donor that if the property for any reason should cease to be used for the purposes he intended when he appropriated it or could not be so used it should revert to him if living, or, if dead, to his heirs or next of kin, through the operation of the doctrine of resulting trusts."

We therefore conclude that the defendants did not become personally liable as partners because of the failure to perfect the trust.

2. Plaintiff's second contention is that a court of equity will in a proper case disregard legal entities, and hold parties personally liable in order to prevent injustice. They urge that the evidence establishes that both the General Trust Estate and the Mid-Texas Petroleum Company were legal entities used by Berry and Hayes for the perpetration of an injustice upon plaintiff, and owned exclusively by them and their families, and that their status as legal entities should be disregarded, and personal judgment rendered against Berry and Hayes. Had this argument been applied only to Mid-Texas Petroleum Company, and had it been a defendant, the rule of equity announced in Wallace v. Tulsa Yellow Cab & Baggage Co., 178 Okla. 15, 61 P. 2d 645, could have been invoked, if the clear weight of the evidence had shown the use of the trust and corporation for that purpose by defendants. The rule has been applied where one corporation is operated by or for the benefit of another, or as an adjunct or instrumentality of another, as in Wallace v. Tulsa Yellow Cab & Baggage Co., supra, or when the stockholders of a corporation have used it for a wrongful purpose. 13 Am. Jur. 160; 7 R. C. L. 27. But in the present case, as in Buckner v. Dillard, 184 Okla. 586, 89 P. 2d 326, the facts shown do not justify the application of the rule to the extent of holding defendants personally liable. While defendants were stockholders and officers of the Mid-Texas Petroleum Company, there is no evidence that such company was organized or used by them to perpetrate a fraud, or to assist them in any inequitable transaction. So far as the record shows, that company was solvent, and the fact that as the owner of the oil and gas lease it permitted the legal title to remain in the trust, and that its stock was owned solely by the defendants and their families, is not sufficient to sustain

the charge that it was in this case an instrument of fraud. That it retained the money erroneously paid to the trust after the error was discovered, was not shown to have been wrongful or fraudulent on its part, or to have resulted from any acts or control on the part of defendants, except by proof that they were the managing officers, and were stockholders.

It further appears from the evidence that at or shortly after the discovery of the erroneous payment there arose considerable friction between defendants and H. F. Wilcox Oil & Gas Company over the distribution of money from oil produced from the interest standing in the name of General Trust Estate, and that at some date thereafter General Trust Estate disposed of its interest in the lease. Why plaintiff did not impound or apply such portion of the money thereafter accruing to this interest to satisfy its claim is not shown. Nor does the evidence establish that the money so erroneously paid by plaintiff was wrongfully withheld by Mid-Texas Petroleum Company, or that it was applied or converted by defendants to their own use, although plaintiff's witnesses testified to repeated promises by defendants to repay the sum. Their promises, however, were apparently to the effect that the trust would make such repayment.

Consideration of the evidence convinces us that the judgment of the trial court that defendants were not personally liable was not against the clear weight thereof, and therefore should not be disturbed. Cordilla v. Taylor, 181 Okla. 20, 72 P. 2d 375.

3. Plaintiff's third contention is that the evidence established a conversion of its money by defendants, and therefore it was entitled to a personal judgment. They assert that the defendants, at the time they received the money and deposited it to the credit of Mid-Texas Petroleum Company, knew that neither they nor that company were entitled thereto. But the evidence upon that point is doubtful. While a witness for plaintiff testified that it was the custom of the plaintiff to accompany each check with a statement showing the particular period during which the oil paid for was taken, he would not say positively that such a statement accompanied the check to General Trust Estate in this particular instance, and both defendants testified that they did not see such statement, or know of the overpayment, until later. The money was immediately deposited by them. The check did not show when the oil for the payment of which it was given was run. The defendant Hayes testified that the money for the oil runs had been held up for several months, and that the defendants did not at the time know whether there had been any payment to H. F. Wilcox Oil & Gas Company under the transfer order or not, or just what the condition of the account was.

The elements of conversion are the exercise or assumption of dominion over personal property in defiance or exclusion of the owner's rights, or a withholding of possession of such property under a claim of right or title inconsistent with that of the true owner. Kelly v. Oliver Farm Equipment Sales Co., 169 Okla. 269, 36 P. 2d 888. It is apparent that the receiving and depositing of the money by defendant was not in defiance of plaintiff's rights. Possession of the money is held by the Mid-Texas Petroleum Company, and whether such possession is under a claim of right or title inconsistent with that of plaintiff does not appear, as that company is not a party, and had not been required to show why or under what claim it retains the overpayment. Therefore we do not consider this contention of plaintiff sustained by the record, or by the authorities cited in their brief.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.